## DINNEAN v. DINNEAN et al.

(Supreme Court, Special Term, New York County.    April 7, 1915.)

1. CORPORATIONS ⬡⟶114 — STOCK — TRANSFER TAX — EFFECT OF FAILURE TO PAY.

Under Tax Law (Consol. Laws, c. 60) § 278, providing that no transfer of stock subject to a tax not paid at the time of such transfer shall be made the basis of any action or legal proceedings, and that proof thereof shall not be received in evidence, assignments of stock certificates will not vest title in the assignee, where no transfer tax stamps were ever affixed thereto.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 466, 470–478; Dec. Dig. ⬡⟶114.]

2. GIFTS ⬡⟶49—INTER VIVOS—SUFFICIENCY OF EVIDENCE—INTENT.

In an action to determine the ownership of certificates of stock, found in the safe deposit box of a decedent, and claimed by his widow as a part of his estate, and by his surviving sister by virtue of a gift inter vivos, evidence *held* to show decedent's intent to make a gift of the certificates.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. ⬡⟶49.]

3. GIFTS ⬡⟶18—INTER VIVOS—NECESSITY OF DELIVERY.

To establish a valid gift inter vivos, not only must an intention to make a gift be shown, but there must be a delivery of the subject to the donee, or some person for him, so as to devest the possession and title of the donor.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 29–33; Dec. Dig. ⬡⟶18.]

4. WITNESSES ⬡⟶140—COMPETENCY—INTEREST—STATUTE.

Under Code Civ. Proc. § 829, providing that a person interested in the event of an action shall not be examined in his own behalf or interest against the administrator, or a person deriving his title or interest from a decedent, concerning a personal transaction between the witness and the decedent, the test of interest is not whether the witness is interested in the question, but in the event of the suit; and in a controversy to determine the ownership of stock certificates found in the safe deposit vault of a decedent, an adopted sister of decedent, who had always lived with defendant, decedent's surviving sister, who was claiming the certificates by reason of a gift inter vivos, was competent to testify to decedent's delivery of the certificate, accompanied by words of gift, and its indorsement by defendant and return to decedent for safe-keeping.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. ⬡⟶140.]

5. EVIDENCE ⬡⟶226—DECLARATION AGAINST INTEREST—RESIDUARY LEGATEE.

In an action to determine ownership of stock found in decedent's safety deposit vault, as between his widow and decedent's surviving sister claiming under a gift inter vivos, the testimony of the administrator with the will annexed, who was also a residuary legatee, in support of the contention of a gift, in the absence of fraud or collusion, was admissible as being in derogation of interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 815–821; Dec. Dig. ⬡⟶226.]

6. GIFTS ⬡⟶22—INTER VIVOS—CORPORATE STOCK—INDORSEMENT.

Where the purchaser of a certificate of stock caused it to issue in the name of his sister, who indorsed it to herself, and after the purchaser had written her name into the body of the assignment it was redelivered to him, and where later certificates, taking the place of the original certificate, were indorsed by the purchaser and delivered by the sister to

him indorsed in blank, in order to make them negotiable by indorsement and to prevent wrongful transfer, there was a sufficient act of dominion and ownership to complete a gift of the certificate.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 37; Dec. Dig. ☜22.]

Action by Elizabeth Foy Dinnean against Catherine Dinnean, Thomas P. Dinnean, individually and as administrator with the will annexed of Thomas P. Dinnean, deceased, and the American Light & Traction Company. Judgment for defendant Catherine Dinnean.

George Edwin Joseph and S. W. Levine, both of New York City, for plaintiff.

James W. Hyde, of New York City, for defendant Catherine Dinnean.

Levy & Unger, of New York City, for defendant Thomas P. Dinnean.

Charles W. Young, of New York City, for defendant American Light & Traction Co.

BLANCHARD, J. The question to be determined herein is the ownership of three certificates of stock, aggregating 24 shares, of the American Light & Traction Company. The certificates, numbered respectively 8068, 8938, and 16505, were found upon the death of Thomas P. Dinnean in a safe deposit box maintained by him in the Bowery Bank, New York City. All three certificates were made out by the company of issue to Catherine Dinnean, sister of said decedent, and one of the defendants herein. Indorsed upon two of them, certificate No. 8068 and certificate No. 8938, appear what purport to be assignments of the respective certificates to the decedent; the words "Thomas P. Dinnean, my brother," in the body of the assignments being in the handwriting of the decedent. No such indorsement appears upon certificate No. 16505. Certificate No. 8068, representing 22 shares of stock, was issued to the defendant Catherine Dinnean upon said defendant's surrender of certificate No. 5185, for 20 shares, also issued in her name, and certificate No. 5966, for 2 shares, which she had received as a 10 per cent. stock dividend upon certificate No. 5185. The other two certificates, each representing one share, were issued to the defendant upon the surrender of various stock warrant dividends, aggregating 2 full shares. It is conceded that the money consideration for the issuance of certificate No. 5185 to the defendant Catherine Dinnean was furnished by the decedent.

The plaintiff is the widow of the said Thomas P. Dinnean, and as a person interested in his will she prays the court to decree that the certificates in suit, constitute a part of decedent's estate. In this prayer she is joined by decedent's administrator. The defendant Catherine Dinnean on her part demands an affirmative judgment that she be declared the owner thereof by virtue of an alleged gift inter vivos of the original certificate of stock No. 5185.

[1] It is apparent that if the defendant is successful in establishing a valid gift inter vivos of said certificate, the purported assignments would not be sufficient to vest title to the securities in the decedent's estate by reason of the fact that no transfer tax stamps were ever af-

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fixed to the certificates, as required by section 278 of the Tax Law; the failure to do so being properly pleaded by the defendant. Bean v. Flint, 204 N. Y. 153, 97 N. E. 490; Matter of Ball, 161 App. Div. 79, 146 N. Y. Supp. 499; Matter of Raleigh, 75 Misc. Rep. 55, 134 N. Y. Supp. 684. Plaintiff's action, however, does not appear to be based upon these assignments. The eighth paragraph of the complaint alleges upon information and belief:

"That the deceased had caused the said certificate numbered 5185 to be issued in the name of Catherine Dinnean for reasons personal to himself, and without any intention at any time of vesting any title whatsoever in said Catherine Dinnean to the said certificate."

Plaintiff contends, apparently, that the acts of the decedent and the defendant in respect to the certificate in question constituted a dummy transaction. There is nothing in the record to substantiate this claim, except the fact that the decedent purchased the stock in defendant's name with his own money; that at the time of their discovery in the safe deposit box two of the three certificates, representing certificate No. 5185, had apparently been assigned to the deceased; and that on several occasions certain stock warrants for fractional shares of stock, issued to the defendant Catherine as part of the dividend payments upon the stock standing in her name on the books of the company, were utilized by the decedent and formed part of the consideration for the issuance to him of 8 shares of stock in the company, the balance of the consideration being paid out of the decedent's own moneys. It appears that the defendant Catherine Dinnean indorsed certificate No. 5185 over to herself on the day it was issued to her; defendant's name being written into the body of the assignment by the decedent, and the certificate so indorsed being delivered to him. Nevertheless it appears that the company paid dividends to the defendant Catherine until after the death of the decedent, and that the dividends were paid partly in cash and partly in stock warrants issued to her for fractional shares of stock in the company. The defendant deposited in her savings bank account the checks representing the cash dividends. She indorsed all the stock warrants in blank as she received them, and delivered them, so indorsed, to the decedent, who kept the warrants until a sufficient number had accumulated to aggregate one full share. He then surrendered them to the company, which would issue to the defendant a certificate for one share of stock.

As mentioned above, however, some of these stock warrants, indorsed in blank by the defendant Catherine, were utilized by the decedent for the issuance to him of 8 shares of stock in the company, such warrants approximating 5 shares, the balance of the consideration being paid by the decedent. The first occasion on which decedent made personal use of said stock warrants appears to have been May 11, 1910. It is therefore clear that for a period of over a year Catherine Dinnean received both cash and stock warrant dividends upon the stock standing in her name, and that this fact is entirely inconsistent with the theory of a dummy transaction is self-evident. In regard to the finding of two of the later certificates, which took the place of certificate No. 5185 as its value was increased by stock dividend payments, apparently indorsed over to the decedent, I am of the opinion that the

decedent wrote in his name as indorsee; it being conceded that the certificates were delivered to him by the defendant indorsed in blank in order to make the certificates negotiable by indorsement and so prevent a wrongful transfer in the event of their being lost or stolen. As was stated above, plaintiff claims that the decedent caused the stock to be issued in defendant's name rather than in his own "for reasons personal to himself," yet not a single reason is suggested to the court for consideration, and that this contention lacks force is apparent in view of the fact that at the time of his death decedent was the record owner of thirteen shares of stock in the same company. This fact would also seem to indicate that the decedent differentiated between the ownership of the stocks.

The testimony adduced upon the trial in behalf of said defendant clearly establishes that a relationship of trust and confidence existed between her and the deceased; that he had great regard and affection for her and felt under deep obligations to her. Martin S. Paine, president of the Bowery Bank and an intimate friend of the deceased for a period of 27 years, testified that in the early part of 1909 Thomas P. Dinnean, the deceased, told him that he wanted to make an investment for the benefit of a sister who had been his housekeeper for a number of years, and whom he had induced to leave a position to keep house with him when his mother and father became ill, and asked his (Paine's) advice as to the nature of the investment; that the witness advised him to purchase some of the common stock of the American Light & Traction Company, and to see John S. Foster, then president of the Bowery Bank, since deceased, and a director and stockholder of the traction company, about it. Some time later decedent told him that he had bought the stock and had given it to his sister and that it was in his safe deposit box. At the conclusion of his testimony the witness said:

"I think the judge charged me, in case he should die, to be sure and see that the stocks which belonged to his sister Kate were looked after for him; they were there with some of his own."

Other disinterested witnesses testified to statements of decedent wherein he mentioned the stock as belonging to his sister.

[2, 3] Upon consideration of the whole case the conclusion is irresistible that the decedent intended to make a gift to the defendant Catherine Dinnean of the securities in question. It is well settled, however, that in order to establish a valid gift inter vivos, not only must an intention to make a gift be shown, but there must also be a delivery of the subject of the gift to the donee or to some person for him, so as to divest the possession and title of the donor (Young v. Young, 80 N. Y. 422, 36 Am. Rep. 634), and plaintiff contends that, even if it be found that the decedent intended to make a gift of the stock, nevertheless the gift must fail because a sufficient delivery thereof was not established within the purview of the decisions. Grace O'Brien Dinnean, adopted sister of the deceased, called on behalf of the defendant Catherine, testified to the delivery of certificate No. 5185 by the decedent to the defendant, accompanied by appropriate words of gift, on February 5, 1909. She further testified that the de-

fendant returned said certificate to the decedent for safe-keeping, after having indorsed it over to herself at his suggestion, in order to have the stock in a form that would permit the decedent to act in respect to it for her and to sell it if necessary to better conserve her interests.

[4] It appears that this witness has lived with the defendant all her life, and her testimony is therefore objected to upon the ground that she is an interested witness. Upon consideration of the authorities, I am of the opinion that the testimony should be allowed to stand. The test of interest under section 829 of the Code of Civil Procedure is whether the witness is interested, not in the question, but in the event of the suit. See Albany County Savings Bank v. McCarty, .149 N. Y. 84, 43 N. E. 427; Carpenter v. Soule, 88 N. Y. 251, 257, 42 Am. Rep. 248. Greenleaf has thus stated the rule:

"The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment or that the record will be legal evidence for or against him in some other action." 1 Greenleaf on Evidence, § 390.

While it would seem, under the authority of the Schroeder Case, 113 App. Div. 204, 99 N. Y. Supp. 176, that the court would not be justified in establishing the gift upon the testimony of Grace Dinnean alone, nevertheless that case is not authority for its exclusion. The objection raised by the plaintiff affects the weight and not the competency of the evidence. I am of the opinion, therefore, that the testimony of Grace Dinnean and that of Thomas P. Dinnean, administrator c. t. a., should be allowed to stand.

[5] The latter being one of the residuary legatees, his testimony supporting defendant's contention of a gift of the stock, in the absence of fraud or collusion, is clearly admissible as being in derogation of interest. Carpenter v. Soule, supra.

[6] However, it would seem that the gift could be sustained without the testimony of Grace Dinnean as to the actual delivery of the stock. In Rix v. Hunt, 16 App. Div. 540, 44 N. Y. Supp. 988, the court held that a valid gift inter vivos may be upheld, although there is no direct and positive proof of delivery. In Trow v. Shannon, 78 N. Y. 446, the question whether an alleged gift had been at some time completed by delivery was left to the jury. If I am justified in the conclusion reached in respect to decedent's intention, it would seem that the gift must necessarily have been completed by delivery, for it is conceded that the defendant indorsed the original certificate. Such indorsement in my opinion was a sufficient act of dominion and ownership to complete the gift of the stock, and it was not, nor were the later assignments, intended to divest the defendant of title to the stock standing in her name on the company's books.

Judgment is therefore awarded to the defendant Catherine Dinnean, dismissing the complaint upon the merits, decreeing said defendant the owner of certificates numbered 8068, 8938, and 16505, and directing the estate of the decedent to account to the defendant Catherine Dinnean for the stock warrants, declared as dividends upon the stock standing in her name on the books of the company, which were personally used by decedent.

Judgment accordingly. Decision signed.