SAMUEL W. LUITWIELER, Appellant, *v.* LUITWIELER PUMPING ENGINE COMPANY et al., Respondents.

**Stock transfer tax — payment not a condition precedent — non-payment of tax to be pleaded as a defense in action to compel transfer of certificates of stock properly indorsed — when judgment should be granted directing transfer upon presentation of certificates properly stamped or upon payment of tax.**

1. Payment of the stamp tax required by sections 270–278 of the Tax Law (Cons. Laws, ch. 60) does not create a condition precedent, and failure to pay the tax is a matter to be pleaded as a defense. When the only question presented is the right to have stock transferred upon the books of a corporation, the state is fully protected if the stamps are annexed or the tax paid at or before the time the transfer is made. (*Bean* v. *Flint*, 204 N. Y. 153, followed.)

2. Where in an action to compel a corporation to transfer upon its books stock properly assigned to plaintiff by a stockholder, as evidenced by presentation to it of stock certificates properly indorsed, no defense is set up alleging the failure to have canceled stamps annexed to the certificates when presented for transfer or that the defendants had refused to make the transfer for any such reason, and a motion to amend the answer so as to set up such a defense was withdrawn and the certificates of stock and transfer to the plaintiff were kept in the evidence by the statement of counsel that he withdrew his motion to strike them out, the court should have granted judgment for the plaintiff directing a transfer upon the books of the company when the certificates were presented properly stamped or upon payment of the tax.

*Luitwieler* v. *Luitwieler Pumping Engine Co.*, 190 App. Div. 80, reversed.

(Argued May 12, 1921; decided October 4, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 16, 1920, affirming a judgment in favor of defendants, entered upon a dismissal of the complaint by the court on trial at Special Term.

*James M. E. O'Grady* for appellant. The court erred in dismissing plaintiff's complaint. Its interpretation of the Stamp Tax Law was erroneous. (*Travis* v. *Knox Terpezone Company*, 215 N. Y. 259; *Cushman* v. *Thayer*, 76 N. Y. 365; *Matter of Paul*, 165 N. Y. Supp. 413; *People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431; *Smyth* v. *Pure Ice Co.*, 193 App. Div. 479; *Bean* v. *Flint*, 204 N. Y. 153; *Lyon* v. *Farmers' L. & T. Co.*, 184 N. Y. Supp. 380; *U. S. Radiator Co.* v. *New York*, 208 N. Y. 144; *Holmes* v. *Camp*, 219 N. Y. 359)

*Eugene J. Dwyer* for Luitwieler Pumping Engine Company, respondent. The dismissal of the complaint because of the failure to comply with the provisions of sections 270 and 278 of the Tax Law was proper. (*Thrall* v. *Cuba Village*, 88 App. Div. 410; Abbott's Trial Brief on Pleadings, § 1010; *Parmalee Company* v. *Haas*, 171 N. Y. 579; *Millbank* v. *Jones*, 127 N. Y. 376.)

*Andrew L. Gilman* for Henry L. Miller et al., respondents. Upon such a delivery of certificates as that involved in this case, the stamps must be attached to the certificate and this must be done at the time of delivery. (*Waddle* v. *Cabana*, 220 N. Y. 18; *Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93; *Sheridan* v. *Tucker*, 145 App. Div. 145; *Matter of Ball*, 161 App. Div. 79; *Matter of Raleigh*, 75 Misc. Rep. 55; *M. L. Ins. Co.* v. *Nicholas*, 144 App. Div. 95; *Dinnean* v. *Dinnean*, 90 Misc. Rep. 121.)

*Frank J. Hone* for William R. Tuttle, respondent. The payment of the tax and the affixing and cancellation of stamps was a condition precedent to the commencement of any action or legal proceeding based on the transfer of the certificates from Adelaide B. Luitwieler to Samuel W. Luitwieler. (*Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93; *Phillips* v. *Crossman*, 76 Misc. Rep. 496; *Dinnean* v. *Dinnean*, 90 Misc. Rep. 121; *M. L. Ins. Co.* v. *Nicholas*, 144 App. Div. 95.) Failure to

affix stamps on certificates of stock at the time of the transfer of the same is not only highly penal but criminal. The crime can be charged to the party liable for the tax or to any agent or broker who acts for him, or to any officer of a corporation who makes transfer upon the books of the corporation. No court will render judgment directing a defendant to perform an act which will expose him to criminal and civil liability. (Cons. Laws, ch. 60, § 272.)

CRANE, J. This appeal presents the question of the appellant's right to have the Luitwieler Pumping Engine Company transfer upon the books of the company stock assigned to him by his daughter, a stockholder, although at the time of presentation for transfer stamps required by the Tax Law were not affixed. Adelaide B. Luitwieler, a resident of Los Angeles, California, owned six hundred and ten shares of the company represented by stock certificates Nos. 132 and 144. In January of 1919, by proper indorsement she assigned the stock certificates to her father and mailed them at Los Angeles addressed to him at Rochester, New York. He took them to the office of the company and requested a transfer of the stock to him on the books of the corporation, tendering payment for any and all revenue stamps that were necessary to complete the transfer. The secretary, Mr. Tuttle, refused to make the transfer for the reason that a Mr. Miller held the stock under a trust agreement. Other stock, however, presented at the same time — two Schroeder certificates — were received and the transfers made, although no stamps were affixed, the company receiving later by mail the amount of the tax, affixing and canceling the stamps. Thereupon the plaintiff brought this action to compel the company, among other things, to make the transfer as demanded upon payment of the tax or upon presentation of the certificates with stamps duly canceled. The action was brought against

the company, the officers and a majority of the board of directors. The various defenses pleaded are immaterial, the principal one being that the stock did not belong to Adelaide B. Luitwieler but to Henry L. Miller by assignment from her under a trust agreement, dated November 2d, 1917. The answers of all the defendants were alike and can be treated as one. There was no defense set up alleging the failure to have the canceled stamps annexed to the certificates when presented for transfer or that the defendants had refused to make the transfer for any such reason. At the trial a motion was made to amend the answer by pleading such defense, but it was subsequently withdrawn. When the certificates numbered 132 and 144 were offered in evidence with the indorsed transfer objection was made to their reception and an exception taken to their admission, but later counsel said he would withdraw his motion to strike out such evidence provided the complaint was dismissed, thus apparently acquiescing in their remaining in as part of the plaintiff's case. The court dismissed the complaint for the reason that stamps were not affixed at the time of the transfer of the certificates from Adelaide B. Luitwieler to her father, holding it to be part of the plaintiff's proof to show the certificates with the canceled stamps. This ruling has been affirmed by the Appellate Division, two of the justices dissenting.

We held in *Bean* v. *Flint* (204 N. Y. 153) that the payment of the stamp tax required by sections 270–278 of the Tax Law does not create a condition precedent and that the failure to pay the tax is a matter to be pleaded as a defense. Nothing can be added to what HISCOCK, J., said in that case. We think the rulings below are contrary to the rule there laid down. As stated no such defense was pleaded, a motion to amend the answer so as to set up such a defense was withdrawn and the certificates of stock and transfer to the plaintiff were kept in the evidence by the statement of counsel that he withdrew his motion to strike them out.

Under such circumstances we think upon the proof as offered the court should have granted judgment for the plaintiff directing a transfer upon the books of the company when the certificates were presented properly stamped or upon payment of the tax. (*Phelps-Stokes Estates* v. *Nixon*, 222 N. Y. 93; *Waddle* v. *Cabana*, 220 N. Y. 18–27.)

The object of all these tax provisions is to get money for the state. When the only question presented is the right to have stock transferred upon the books of a corporation, the state is fully protected, if the stamps are annexed or the tax paid at or before the time the transfer is made.

The judgments should be reversed and a new trial ordered, with costs to abide event.

McLAUGHLIN, J. (dissenting). This action was brought to compel the Luitwieler Engine Company, a domestic corporation, to transfer upon its books six hundred and ten shares of its capital stock and issue to the plaintiff a certificate therefor in exchange for those held by him.

At the trial the complaint was dismissed upon the ground that the plaintiff had failed to prove a compliance with the statute relating to affixing and canceling stock transfer stamps. Judgment to this effect was entered, which was affirmed by the Appellate Division, fourth department, two of the justices dissenting, and the appeal to this court followed.

There is little or no dispute as to the material facts involved. The plaintiff's daughter Adelaide, who resided at Los Angeles, Cal., owned six hundred and ten shares of the capital stock of the corporation, represented by certificates Nos. 132 and 144, which, on the back of each, she assigned to the plaintiff and then mailed the same at Los Angeles, addressed to him at Rochester, N. Y., where they were received a few days later. When the certificates

were received by the plaintiff the stock transfer stamps required by section 270 of the Tax Law (Cons. Laws, ch. 60) were not affixed or canceled. This section, after providing that a tax shall be collected on the transfer of shares or certificates of stock, specifically provides that: " It shall be the duty of the person or persons making or effectuating the sale or transfer to procure, affix and cancel the stamps and pay the tax provided by this article. * * * Where the transaction is effected by the delivery or transfer of a certificate, the stamp shall be placed upon the surrendered certificate and canceled." It may be that the transfer from the daughter to her father was not invalidated as between them by reason of the absence of stamps from the certificates when received by him, but he was, if he desired a transfer evidencing his ownership, then required *to procure, affix and cancel* the necessary stamps. Until he did this he could not compel the corporation to make the transfer upon its books and issue to him another certificate in place of the one which his daughter had previously held. If the corporation did so it not only subjected itself to the payment of heavy penalties, but, in addition, committed a crime. (Secs. 272, 273, 277.)

Section 272 provides that any corporation " whose stock is sold or transferred, which shall transfer or cause the same to be transferred upon its books, without having the stamps provided for in this article affixed thereto, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall pay a fine of not less than five hundred nor more than one thousand dollars, or be imprisoned for not more than six months or by both such fine and imprisonment, in the discretion of the court."

It is not claimed, and could not well be, in view of the record before us, that the necessary stamps were upon the certificates, or either of them, when the corporation was requested to make the transfer. After the plaintiff received the certificates from his daughter, he, in company

with an attorney, went to the office of the corporation and requested its secretary to transfer upon the corporate books the certificates in question and also two other certificates for twenty-five shares originally issued to a another daughter and her husband and by them assigned to the plaintiff. Either the plaintiff, or the attorney, according to the latter's testimony, stated that they then tendered payment of the necessary stamps required to complete the transfer. It is perfectly clear, however, that no tender was in fact made. No money was produced, no stamps exhibited, and the witness subsequently admitted that he did not know what stamps were on the certificates or what stamps were required. The secretary informed them that he would transfer the stock assigned by the daughter and her husband, but could not transfer the certificates originally issued to the daughter Adelaide, since they had previously been assigned to the defendant Miller, in trust, and then stood on the books of the corporation in his name. A few days later the secretary wrote the attorney, inclosing a new certificate in the name of the plaintiff, in exchange for the one assigned by the daughter and her husband, and at the same time called his attention to the fact that when he made the transfer he did not observe the absence of the tax transfer stamps amounting to fifty cents on the certificates surrendered, and in order to make the transfer complete such stamps would have to be affixed and canceled. The attorney promptly forwarded to the secretary the amount necessary to purchase the stamps required. He did not then, or at any time thereafter, send or deliver to the secretary any stamps or money to purchase stamps required for the transfer of the stock here under consideration. Shortly after the money had been forwarded to purchase the necessary stamps to effect a transfer of the stock assigned by the daughter and her husband, the plaintiff made a written demand that the corporation transfer the stock assigned to him by the daughter

Adelaide and issue to him a new certificate therefor.   He did not then or at any time thereafter, or even at the trial, produce any stamps or offer to pay the amount necessary to purchase the same.

This being the situation at the close of the trial I am unable to see how the trial court could have done otherwise than dismiss the complaint.   There was a failure of proof.   The affixing and canceling of the stamps on the certificates was a condition precedent to the right to have the transfer made.   This fact had to be alleged in the complaint, and proved on the trial.   The statute, as we have seen, makes a corporation, where its stock is transferred, a collecting agent of the state.   It cannot waive the provision of the statute any more than can its officers. A failure of duty in this respect, whether intentional or otherwise, makes the corporation guilty of a crime and liable to pay the penalties therein provided.

But it is said, notwithstanding the positive requirements of the statute, the judgment of the trial court, affirmed by the Appellate Division, should be reversed because the trial court " should have granted judgment for the plaintiff directing a transfer upon the books of the company *when* the certificates were presented properly stamped, or upon payment of the tax."   This suggestion, it seems to me, sustains the view above expressed and necessarily leads to an affirmance of the judgment.   It is a concession that when the certificates were presented for transfer, and at the conclusion of the trial, they were not properly stamped or the tax paid.   The transfer, therefore, could not have been legally made by the corporation.   It must be borne in mind that this is an action at law.   The plaintiff stands on his legal rights and before he can recover he must show that such rights have been destroyed or impaired by reason of some act of omission or commission of the defendants.   The fact that the secretary of the corporation, when the certificates were produced and a transfer requested, gave a wrong

reason for refusing to make the transfer, is of no importance. A good reason existed and that was sufficient. The stamps were not affixed to the certificates; they were not canceled, or any money given to the corporation to pay the tax.

It is also suggested that the omission to place the stamps upon the certificates and cancel them should have been pleaded. The answer to this suggestion has already been given. The affixing and canceling of the stamps was an act required of the plaintiff — a fact which he had to allege and prove. It is unnecessary to set up in an answer a fact which the plaintiff must prove in order to recover.

I do not think *Bean* v. *Flint* (204 N. Y. 153) is to the contrary. That decision, as I read the opinion, is not in point. There, an action was brought to recover the balance of the purchase price of stock. The complaint alleged full performance by the plaintiff. The answer, which set up several defenses, did not in any manner allege or plead the failure to comply with the provisions of the Tax Law. It was held that the statute does not provide that a person must pay the tax before he can bring an action to recover the purchase price, and in such case the failure to pay the tax is a fact to be pleaded as a defense.

Nor do I think *Phelps-Stokes Estates* v. *Nixon* (222 N. Y. 93) or *Waddle* v. *Cabana* (220 N. Y. 18) has any bearing upon the question under consideration. Both of these cases were actions brought to enforce executory contracts for the sale and purchase of corporate stock — a question quite different from the one here involved.

Here the sole question is whether a corporation can be compelled to transfer shares of stock on its books when the transfer tax has not been paid. If a judgment to this effect can be rendered, then the court compels the corporation not only to commit a crime but to subject itself to severe penalties. The plaintiff could not procure

a transfer until he had affixed the stamps ard canceled them. This was a duty which the statute imposed upon him. This fact he had to show before a tiansfer could be made, which seems to be conceded in the prevailing opinion, where it is stated that judgment should have been directed for the plaintiff, directing a transfer *when the certificates were presented properly stamped.*

For the foregoing reasons I dissent from a reversal of the judgment and vote to affirm.

HISCOCK, Ch. J., CARDOZO and POUND, JJ., concur with CRANE, J.; HOGAN and ANDREWS, JJ., concur with McLAUGHLIN, J.

Judgment reversed, etc.