FREDERICK S. DICKINSON et al., Appellants, *v.* JOHN SPRINGER et al., Copartners under the Name of STEELMAN & BIRKINS et al., Respondents, Impleaded with Others.

Former adjudication — equity — injunction — foreign judgment conclusive adjudication between parties only as to facts court was bound to pass upon in reaching its decision — court of equity on finding no ground for equitable relief may relegate question of damages to action at law — may not decide that plaintiff was not originally entitled to relief without taking proof, where that issue was not decided in foreign action — bonds given upon granting of temporary injunction — court must decide whether plaintiff had cause of action.

1. Where in spite of some differences in the allegations of the complaints in two actions, one brought in this and the other in a foreign State, it is plain that they are both based upon the same alleged claim or cause of action, a judgment in the foreign action is conclusive adjudication between the parties not only as to all matters litigated but as to all matters which might have been litigated therein.

2. Where, however, at the trial of the foreign action the court was called upon to determine only whether an injunction restraining

the sale of certain stock should be continued and it determined that it should not be continued solely for the reason that it appeared from the evidence that at the time of the trial the stock had already been sold, the judgment constitutes an adjudication only upon that issue and upon those facts which the court was bound to pass upon before it could reach a conclusion.

3. Though the complaint in the New York action, in addition to the same injunctive relief sought in the foreign action, demanded damages for alleged wrongs, the court of equity, after it was shown no ground for equitable relief existed, was not bound to pass upon the question of damages. It might, in its discretion, relegate the parties to an action at law. It might not, however, decide that no wrong was committed and that originally plaintiffs did not .have a right to equitable relief without taking proof of the facts, for that issue was not decided in the foreign action.

4. Upon granting of the temporary injunction in this action bonds were given and defendant's right to enforce the penalty thereof is dependent upon a final decision that plaintiff was not entitled to an injunction. If, therefore, the judgment in this case is to be construed as a decision that plaintiffs never had a cause of action for an injunction, and it is capable of that construction, it is erroneous, for the plaintiffs have not had the opportunity to litigate this question either in the foreign action or in this. If the court did not decide that question, the judgment is also erroneous because the trial justice was bound to pass upon this question so long as there may be a claim for damages under the bonds.

*Dickinson* v. *Springer*, 218 App. Div. 831, modified.

(Argued June 9, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 29, 1926, unanimously affirming a final judgment of Special Term dismissing the complaint.

*Edward F. Clark, Leonard J. Reynolds* and *Oscar B. Lowman* for appellants. It is the thoroughly settled law of New York that where a plaintiff in an action for an injunction, who has had at the commencement of the action a temporary injunction and given the usual under-

taking, appears upon the trial to be not entitled to judgment for a permanent injunction, because of a change in the situation between the time of the granting of the temporary injunction and the trial, such plaintiff must be given an opportunity to show that he was entitled to the temporary injunction at the time it was granted, and upon such showing is entitled to an adjudication to that effect in the final judgment. (*Williams* v. *Montgomery*, 148 N. Y. 519; *Sackett & Wilhelms L. & P. Co.* v. *Nat. Assn. Employing Lithographers*, 211 N. Y. 554; *Kelley* v. *McMahon*, 37 Hun, 212.) The trial court erred in dismissing the complaint without affording the plaintiffs opportunity to prove the facts necessary to obtain an adjudication in the judgment that the plaintiffs were entitled to a temporary injunction. The decree in the New Jersey Chancery suit was not a bar thereto. (*Hull* v. *Hull*, 225 N. Y. 342; *Lewis* v. *Ocean Navigation & Pier Co.*, 125 N. Y. 341; *Clark* v. *Scovill*, 198 N. Y. 279; *Middleworth* v. *Blackwell*, 85 App. Div. 613; *Stannard* v. *Hubbell*, 56 Hun, 450; 123 N. Y. 520; *Foster* v. *Milliner*, 50 Barb. 385; *Louw* v. *Davis*, 13 Johns. 227; *Katz* v. *Geyelin*, 191 N. Y. Supp. 481.)

*George W. Bristol* and *John S. Wise, Jr.*, for respondents. The plea of *res adjudicata* properly disposed of the plaintiffs' case. (*Embury* v. *Conner*, 3 N. Y. 511; *Clemens* v. *Clemens*, 37 N. Y. 59; *Harris* v. *Harris*, 36 Barb. 88; *Gates* v. *Preston*, 41 N. Y. 113; *Blair* v. *Bartlett*, 75 N. Y. 150; *Le Heresse* v. *Hess*, 57 Atl. Rep. 808; *Gardner* v. *Raisbeck*, 28 N. J. Eq. 71; *Mershon* v. *William*, 63 N. J. L. 398; *Hoppaugh* v. *McGrath*, 53 N. J. L. 81; *Sapula Petroleum Co.* v. *McGray*, 4 Fed. Rep. 2d Ser. 645.) The counterclaim of defendant Springer is properly asserted in this action. (*Kelly* v. *Webster*, 143 App. Div. 737; *Sheehan* v. *Pierce*, 70 Hun, 22; *O'Brien* v. *Dwyer*, 76 App. Div. 516; *Glenn & Hall Mfg. Co.* v. *Hall*, 61 N. Y. 226; *Gettinger* v. *Glasser*, 204 App. Div. 829;

*Gilboy* v. *Lennon*, 118 Misc. Rep. 467; *Deagan* v. *Weeks*, 67 App. Div. 410; *Ter Kuile* v. *Marsland*, 81 Hun, 420.)

Lehman, J.   The plaintiff brought this action in April, 1922, for the purpose of obtaining an injunction against these defendants, prohibiting them from selling or disposing of certain capital stock of the plaintiff Dickinson Cord Tire Corporation, which, according to the allegations of the complaint, belonged to the plaintiff Frederick S. Dickinson and, without authority from him, came into the possession and control of the defendant John Springer. The action was commenced by the service of the summons and complaint and an order to show cause, together with supporting affidavits and injunction bonds, upon the defendants Steelman and Birkins who are alleged to be the brokers of the defendant Springer, and upon the defendant George Bristol, a lawyer retained by him. These defendants answered the complaint.   The defendant Springer was not served at that time.   It appears that the order to show cause served upon the defendants Steelman & Birkins and Bristol contained a temporary injunction or stay which was vacated upon the return of the order to show cause.   In September, 1922, the plaintiffs began a new action in New Jersey against the defendant Springer alone.   The complaint asked for substantially the same relief.   In that action a temporary injunction was obtained which restrained Springer from disposing of the stock in his possession until the trial of the action.   No bond was given or required upon the granting of that injunction.

The action in New Jersey resulted after trial in a judgment in favor of the defendant Springer on the merits.   After his successful defense in the New Jersey action, Springer appeared voluntarily in the New York action and pleaded as an affirmative defense the prior adjudication in New Jersey.   In his answer he also set

up a counterclaim for $250,000. In this counterclaim Springer alleged that the plaintiff had wrongfully prevented him from disposing of the stock owned by him, while there was a market for such stock; that the actions in New York and New Jersey were brought maliciously and based upon false allegations; that the temporary injunction in the order to show cause in the New York action and the injunction *pendente lite* in the New Jersey action were procured by means of false affidavits, and that in the interim between the time when the injunction in the New York action was vacated and the injunction *pendente lite* granted in the New Jersey action the plaintiffs maliciously circulated false stories, among possible prospective purchasers of Springer's stock, to the effect that the stock was stolen.

The plaintiffs thereupon made a motion to strike out the defense of prior adjudication on the ground that it was insufficient on its face, and to strike out the counterclaim on the ground that the counterclaim is not one which may be properly interposed in this action. The motion was denied and the plaintiffs did not appeal to the Appellate Division from the order of denial.

When the case came to trial, records in the New Jersey action were offered in evidence. The justice at Special Term held that these records showed a prior adjudication in New Jersey which constituted a bar to the prosecution of the same cause of action in New York, and directed judgment in favor of the defendants, dismissing the complaint. Judgments were entered separately in favor of the separate defendants. The judgment in favor of the defendant Springer orders and adjudges that the complaint should be dismissed and that the issues raised by the counterclaim and the reply thereto should be tried before a jury. The judgments in favor of the other defendants who had pleaded no counterclaim finally determine the litigation as to them. The Appellate Division has unanimously affirmed the judgments. Sepa-

rate judgments of affirmance were again entered and the plaintiffs appeal from these final judgments by permission of this court.

The only question which we may review upon this appeal is whether the records in the action in New Jersey which were introduced at the trial show a binding adjudication of all the issues in this case. The plaintiffs have sought by their notice of appeal to this court to bring up for review the order of the Special Term denying their motion to strike out from the answer of the defendant Springer the defense of *res adjudicata* and the counterclaim. No appeal was taken to the Appellate Division from this order, and, upon the appeals from the judgments, it was not brought to that court for review by proper notice in accordance with section 580 of the Civil Practice Act. The order denying the motion striking out the defense of *res adjudicata* did not " necessarily affect the judgment " dismissing the complaint, for the plaintiffs might still urge upon the trial that the proofs did not establish a defense. (*Ansorge* v. *Kane*, 244 N. Y. 395.)

No judgment has finally determined the issues raised by the counterclaim and the reply, and the direction for a trial is concededly only interlocutory. No appeal lies from the decision of the Appellate Division affirming that direction, without permission of the Appellate Division. Indeed, no appeal has been attempted in regard to that branch of the decision. Even if there should be doubt as to whether Springer may set up such a counterclaim in this action, we may not upon this appeal resolve that doubt either way.

The complaint in the action is somewhat voluminous. Its allegations may be summarized briefly as follows: The defendant Springer has in his possession and is endeavoring to sell certain stock of the Dickinson Cord Tire Corporation. Though the stock stands in Springer's name it in fact is the property of the plaintiff Frederick

S. Dickinson and was never delivered to Springer. The stock was placed in Springer's name upon his express agreement that it would not be offered for sale until the treasury stock of the corporation had been sold and the proceeds paid into the corporation treasury as capital. In addition to other relief an injunction is asked against a sale or offer for sale by Springer or his agents of this stock on the ground that the stock does not belong to Springer and that in any event it may not be offered for sale or sold until the treasury stock is sold.

The allegations of the complaint or bill in the New Jersey action are somewhat different, but the relief asked is likewise an injunction which would prohibit Springer or his agents from selling or offering for sale the stock standing in his name, on the ground that the stock belongs to Frederick S. Dickinson and was never delivered to Springer and that Springer had agreed that he would not sell or offer the stock for sale until the corporation should have received the sum of $500,000 from the sale of its treasury stock. In spite of some differences in the allegations of the complaints in the two actions it is plain that they are both based upon the same alleged claim or cause of action. It follows that the judgment in the New Jersey action is conclusive adjudication between the parties not only as to all matters litigated but as to all matters which might have been litigated therein. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Hull* v. *Hull*, 225 N. Y. 342; *Embury* v. *Conner*, 3 N. Y. 511. See 2 Black on Judgments [2d ed.], § 731; 2 Freeman on Judgments [5th ed.], §§ 674 and 675.) That judgment, dismissing the complaint on the merits and vacating the preliminary injunction, concededly determined as between the parties that at the time of the trial the plaintiffs were not entitled to the injunctive relief they claimed. Whether the judgment in New Jersey is conclusive as to all the issues in the New York action depends upon

14

[246 N. Y. 203]    Opinion, per LEHMAN; J.    [July,

whether those same issues might have been litigated in the New Jersey action.

In the New Jersey action there was no claim for money damages and no bond had been given when the preliminary injunction was granted. At the trial the court was called upon to determine only whether the injunction should be continued. The court decided that it should not be continued. It rendered no formal decision stating the ground for its conclusion. It could not reach that conclusion without deciding that the stock did not belong to the plaintiff Frederick S. Dickinson. On that issue the judgment is certainly conclusive. The plaintiffs, however, claimed, as stated above, that in any event Springer had agreed to refrain from offering for sale or selling the stock standing in his name till treasury stock was sold. Equity will mould its relief in accordance with the conditions existing at the trial. The injunction against sale of the stock might not be continued after the trial if it then appeared either that no such agreement had ever been made or that at the time of the trial the condition that Springer's stock should not be offered for sale until the treasury stock was sold had been met. It appears from the records in evidence that the court found that the treasury stock had been sold at the time of the trial. For that reason alone it vacated its previous injunction. It failed or refused to find whether the agreement claimed by the plaintiffs was ever made by the defendant Springer. The plaintiffs could not, even if they wished, compel the court to make a finding on that issue. The only issues that could be litigated at the trial in the New Jersey action were the issues which would determine the right to injunctive relief at that time. The complainants in the New Jersey action did not ask for any damages for alleged wrongs committed by Springer. No bonds had been given by the complainants when the temporary injunction was issued upon which the defendant Springer might recover if no right to the injunction

existed.  The only issue that could affect the rights of
the parties to that action was whether the complainants
*at the time of the trial* were entitled to an injunction.
No other question was litigated, and the judgment con-
stitutes an adjudication only upon that issue and upon
those facts which the court was bound to pass upon
before it could reach a conclusion.

Undoubtedly, as we have pointed out, the real purpose
of the New York action was to obtain the same injunctive
relief as the courts of New Jersey have denied to the
plaintiff.  The courts of this State, like the Court of
Chancery of New Jersey, would deny injunctive relief if
it appeared that though a basis for injunctive relief may
have existed at the time the suit was begun, it no longer
existed at the time of the trial.  While the complaint
does also include a demand for damages for alleged
wrong committed by Springer as well as for an injunction
against a continuance of the wrong, the court of equity
was not bound, if indeed it had the power, after it was
shown that no ground for equitable relief existed, to pass
upon the question of whether the plaintiff had a right to
money damages upon a claim cognizable at law.  It
certainly might in its discretion relegate the parties to
an action at law.  (*Hunter* v. *Manhattan Railway Co.*,
141 N. Y. 281.)  It might not, however, decide that no
wrong was committed by the defendant Springer, and
that originally the plaintiffs did not have a right to
equitable relief without taking proof of the facts, for that
issue was not and could not be decided in the New Jersey
action.  The question whether the judgment in this
action can be sustained, then, depends upon whether it
constitutes a decision on such issues.

The dismissal of the complaint on the merits in the
equitable action because at the time of the trial no basis
for equitable relief existed might not ordinarily con-
stitute an adjudication that no right of action exists
at law for the damages which have been claimed as a mere

incident to equitable relief. In the present case, however, it must be remembered that a temporary injunction was contained in the order to show cause served upon some of the defendants, and bonds were given when the injunction was served. The defendant's right to enforce the penalty of the bond was dependent upon a final decision that the plaintiff was not entitled to the injunction. (*Palmer* v. *Foley*, 71 N. Y. 106.) A dismissal of the complaint in an equity action which adjudges that the plaintiffs were not entitled to the injunction prayed for is, at least in some circumstances, a final decision that the plaintiffs were not entitled to the preliminary injunction. (*Williams* v. *Montgomery*, 148 N. Y. 519.) Only at the trial of the injunction action can such a decision be rendered, and it would seem that the justice presiding at the trial must pass upon this question if possible claim for damages may be asserted thereafter upon an injunction bond. (*Kelley* v. *McMahon*, 37 Hun, 212.)

If the judgment in this case is to be construed as a decision that plaintiffs never had a cause of action for an injunction, and it is capable of that construction, it is erroneous, for the plaintiffs have not had the opportunity to litigate this question either in New Jersey or New York. If the court did not decide that question, the judgment is nevertheless erroneous because the trial justice was bound to pass upon this question so long as there may be a claim for damages under the bonds. Since, however, a decision of such question would be required only if a claim upon the bonds may be asserted, we will not order a new trial, if the defendants properly waive such claim.

The judgments of the Appellate Division and those of the Special Term should be reversed and a new trial ordered, with costs to abide the event, unless the defendants within twenty days after notice of this decision file a stipulation waiving any claim for damages under the bonds or undertakings referred to herein, in which event

the judgments will be affirmed, without costs, on the ground that the court might refuse to proceed with the trial when it appeared that ground for injunctive relief did not at that time exist.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.