CHARLES CIMINO and Another, Plaintiffs, *v.* SNIDER PACKING CORPORATION, Defendant.

Supreme Court, Wayne County, April 25, 1929.

*James D. Harris,* for the plaintiff.

*Albright & Mepham,* for the defendant.

RODENBECK, J. The nuisance complained of having been abated, the plaintiff is not entitled to injunctive relief. " The jurisdiction

of equity depends upon the position of the plaintiff and the relief to which he is entitled at the time action is brought, while the measure of relief is always adapted to the situation at the time of the decree." *(Shaw's Jewelry Shop, Inc.,* v. *New York Herald Co.,* 170 App. Div. 504; *Dickinson* v. *Springer,* 246 N. Y. 203, 210.) Relief by injunction existed at the time of the commencement of the action, but it no longer exists, the nuisance having been abated. The defendant has abandoned the cesspool used at the time of the commencement of the action, and has installed another, which, it is claimed, will not affect any of the plaintiff's rights. Under these circumstances, injunctive relief will not be given because unnecessary. The plaintiff, however, had a cause of action at the time that the action was brought, and, although no actual damages were shown at the trial, he is still entitled to nominal damages.

The plaintiff is, therefore, awarded six cents damages and the costs of the action.

So ordered.