**ROGERS v. BALLENBERG.**

No. 121.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

Leo E. Sherman, of New York City, and Charles S. Michel, of Corona, L. I., for appellant.

Max Shlivek and Lind, Shlivek, Marks & Brin, all of New York City (Saul S. Brin, of New York City, on the brief), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff, the receiver of a national bank, sues to recover an assessment against the defendant as one of its shareholders, under section 64 of title 12 of the U. S. Code (12 USCA § 64). The defense as pleaded is meaningless; it alleges that when the defendant bought the shares (apparently the bank shares), the "plaintiff" did not stamp the certificate in compliance with section 270 of the New York Tax Law (Consol. Laws, c. 60). However, we shall assume that the defendant intended to allege the following state of facts, and that they are true for the purposes of a motion for summary judgment: He had bought certain shares in the Guardian Trust Company, a New Jersey bank, which was later merged with another New Jersey bank to form the bank of which the plaintiff was made receiver. He received shares in this bank in exchange for his Guardian shares, and the assessment was made against him because of these holdings. When the defendant bought the Guardian shares, the seller did not affix the stamps required by section 270 of the New York Tax Law, although the sale took place in that state. The defense is that this omission made void the sale of the Guardian shares, and the defendant did not therefore become a shareholder in that company; similarly, he never became one in the bank formed by the merger. The judge held that the seller's failure to affix the stamps was irrelevant, and gave summary judgment.

We pass the question of the relevancy to this action of the defendant's title to the

Guardian shares. We do not mean to suggest that he was not assessable as a shareholder in the new bank, even though he never got title to the Guardian shares. He had been registered as a shareholder of the new bank, and had enjoyed the consequent benefits; we should scarcely be disposed to hold that he was not a shareholder in the sense required by section 64 of title 12, U. S. Code (12 USCA § 64), whether or no he ever got title to the Guardian shares. Germania National Bank v. Case, 99 U. S. 628, 25 L. Ed. 448; Scott v. Deweese, 181 U. S. 202, 21 S. Ct. 585, 45 L. Ed. 822. But we prefer to put our decision on his title to those shares.

■ Section 278 of the New York Tax Law provides that "no transfer of certificates * * * shall be made the basis of any action," if the seller does not at the time affix the proper stamps. This does not affect the passage of title; it means only that no right of action shall result from the transfer. Bean v. Flint, 204 N. Y. 153, 97 N. E. 490. It is true that Bean v. Flint did not require that holding, but it was common ground for both the majority (page 161 of 204 N. Y., 97 N. E. 492), and the minority (pages 167, 168 of 204 N. Y., 97 N. E. 495), that the statute did not affect title, and this deliberate dictum has never been questioned since, except in a quite gratuitous remark in Dinnean v. Dinnean, 90 Misc. 121, 152 N. Y. S. 587. Ambrosius v. Ambrosius, 167 App. Div. 244, 152 N. Y. S. 562, perhaps left it open, but certainly gave no contradictory intimation. Cooper v. Gossett, 237 App. Div. 700, 262 N. Y. S. 425, is in no sense to the contrary; it was an action by the seller for the price. Indeed, Phelps-Stokes Estates v. Nixon, 222 N. Y. 93, 118 N. E. 241, even allowed such an action, though the certificates had not been stamped; this because title did not pass till judgment, when the stamps might be affixed. Luitwieler v. Luitwieler P. E. Co., 231 N. Y. 494, 132 N. E. 401, went off on purely procedural questions. We must therefore treat Bean v. Flint as an authoritative exposition of the statute. In re Wylly (D. C.) 210 F. 954, can stand, after Cooper v. Gossett, only on the theory that the statute does not affect proceedings in a federal court; and it is wrong even then, if title does not pass.

■ It would be an extremely harsh, indeed an altogether subversive, doctrine to hold that the absence of a stamp prevented the passage of title. In the case of a certificate indorsed in blank it is not itself to be stamped, but the seller is to stamp and deliver an accompanying memorandum, section 270. If his failure to do so invalidated the buyer's title, the certificate would lose its negotiable character without any warning on its face. Millions of dollars daily change hands in New York upon the credit of certificates indorsed in blank; and we should have to be well persuaded of the legislative intent to make such transactions void, whenever any seller in the chain failed in his duty. The purpose of section 278 was rather to add to the penal provision (section 272), the loss of any right of action, "based" upon the "transfer." The right of action here, even if the Guardian Company had been the plaintiff's insolvent, was no more "based" upon the "transfer," than an action of trover by the buyer for conversion of the certificate. True, the transfer was in his chain of title, and so far was in some sense the "basis" of any action arising from ownership or possession of the certificate, but that would be as much true in trover.

Judgment affirmed.