Van Voorhis, J.
The complaint alleges that the third party defendant, Elsie E. Bonan, was the holder of 52% shares of common stock in defendant T. J. Bonan Company, Inc., represented by two certificates, which she indorsed and delivered to plaintiff Edward M. Hoffman as trustee under a deed of trust dated January 8, 1948. Plaintiff presented these certificates to defendant T. J. Bonan Company, Inc., for transfer on its books. It not only refused to transfer them to the plaintiff, but refused to surrender them to Elsie E. Bonan, who was brought in as a party defendant to answer the counterclaims contained in the answer of said T. J. Bonan Company, Inc., whereby it claimed the right to resort to said shares of stock in order to recoup itself for waste and misappropriations of corporate funds, from which it contended that Elsie E. Bonan had profited. Plaintiff asks that he be adjudged to be the true and lawful owner and holder of said shares as trustee, and that defendant T. J. Bonan. Company, Inc., be directed to transfer said shares to him on its books and issue new certificates of stock in his name as such trustee in due and proper form.
The complaint has been dismissed, after a trial, on the ground that no action can be maintained by plaintiff on any transfer of said shares for the reason that stock transfer tax stamps were not affixed to the certificates at the time when they were transferred (Tax Law, § 278). As the situation stands, this corporation, T. J. Bonan Company, Inc., has the stock certificates; they have not been returned to the transferor, nor have new certificates been issued to the transferee, and the said corporation retains them without a trial of the issues raised by its counterclaims, or any adjudication of its ownership thereof.
*59 Plaintiff and Elsie E. Eonan, the third party defendant, have appealed.
The second amended answer, on which respondent went to trial, contained no allegation that these stock certificates lacked stamps affixed to them when they were presented for transfer. Such an allegation is essential in order to raise the issue that no action can he maintained upon them by the transferee under section 278 of the Tax Law (Luitwieler v. Luitwieler P. E. Co., 231 N. Y. 494). The trial court permitted respondent upon the trial to amend its second amended answer so as to plead that transfer stamps were not upon the certificates. Thereupon the trial court dismissed the complaint.
The solution to this problem is indicated by Luitwieler v. Luitwieler P. E. Co. (supra). It was there held, not only that payment of the stamp tax required by sections 270-278 of the Tax Law does not create a condition precedent, with the consequence that failure to pay is matter to be pleaded as a defense, but also that (p. 498): “ The object of all these tax provisions is to get money for the state. When the only question presented is the right to have stock transferred upon the books of a corporation, the state is fully protected, if the stamps are annexed or the tax paid at or before the time the transfer is made.”
If these stock certificates had been in court during the trial, appellants would doubtless have affixed the necessary stamps, and then called upon T. J. Eonan Company, Inc., to complete the transfer, pursuant to the procedure indicated in the Luitwieler case. That was rendered impossible owing to the neglect of the president of T. J. Eonan Company, Inc., to produce these stock certificates in court, in response to a subpoena duces tecum. He produced photo static copies, stating that the original certificates were in the company’s safe deposit box. The trial court did not compel him to produce them. When the court dismissed the complaint, counsel for plaintiff said:
“ And, your Honor, I think in all equity, when that motion was made at this trial to amend the answer and raise that defense, it should have been granted only on condition that we be given the right to affix the stamps if we wanted to do so, and our tender of those stamps in court, on the trial, should have-met that condition. I respectfully ask your Honor to reconsider the motion allowing that amendment at this trial, and granting that motion only on condition that we be given a comparable right to affix the stamps.
“ The Court: Motion denied.”
*60 That request by counsel was reasonable and should have been granted. It was an abuse of discretion not to have required respondent to produce the certificates in court and afford opportunity to- the plaintiff to affix the stamps. That would have complied with the requirement in the Luitwieler case, and would have permitted the trial and adjudication of the questions raised by respondent’s counterclaims. If those questions were to have been decided in respondent’s favor, no transfer would have been directed. On the other hand, if said counterclaims had been decided adversely to respondent; appellants would have been entitled to a judgment decreeing the transfer. In actions in equity, the state of facts existing at the time of the trial controls, not at the commencement of the action. ‘ ‘ Courts of equity have plastic hands and can adjust matters as of the date of the trial * * (Delaware Trust Co. v. Calm, 195 N. Y. 231, 236; Dickinson v. Springer, 246 N. Y. 203, 211-212). The judgment appealed from should be reversed and a new trial granted in accordance with this opinion, with costs to the appellants to abide the event.
Peck, P. J., G-lennon, Callahan and Shientag, JJ., concur.
Judgment so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.