DENIS A. SPELLISSY, Appellant, *v.* THE COOK & BERNHEIMER COMPANY, Respondent.

*Transfer of corporate stock — when it cannot be compelled by one in whose name as attorney for another (a decedent) the stock stands — what constitutes notice.*

A corporation issued certificates of stock to one Denis A. Spellissy, "attorney of Ellen Hayden," at a time when Ellen Hayden was dead. Thereafter Spellissy presented to the corporation formal transfers of such certificates to "Denis A. Spellissy, as attorney for Anne Callan," signed by him "Denis A. Spellissy, as attorney of Ellen Hayden," accompanied by a paper purporting to be executed by one Michael Ellis, as executor of the last will and testament of Ellen Hayden, deceased, and by Anne Callan, authorizing and requesting such transfers. Spellissy did not present any proof that the person signing the consent was the executor of Ellen Hayden.

*Held*, that the corporation properly refused to make the transfer;

That the fact that Spellissy was described in the certificates as attorney for Ellen Hayden, although it might not have had any effect upon his actual title, operated as notice to the corporation that he, individually, was not the absolute owner of the stock;

That if the corporation had made the transfer to Anne Callan it would have done so subject to the rights of the executor of Ellen Hayden; that it was not obliged to make such transfer in the absence of proof that the person signing the consent was the executor of Ellen Hayden.

APPEAL by the plaintiff, Denis A. Spellissy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of August, 1900, upon the decision of the court rendered after a trial at the New York Special Term.

*Ira Leo Bamberger*, for the appellant.

*Millard H. Ellison*, for the respondent.

RUMSEY, J.:

This action was brought to compel the defendant to issue two certificates of stock to the plaintiff as attorney for Anne Callan. The facts were that on the 25th of May, 1897, the defendant issued to Denis A. Spellissy, "attorney of Ellen Hayden," a certificate for twelve shares of its common stock, and another for twelve shares of its preferred stock. At that time Ellen Hayden was dead. Subsequently and on the 10th of September, 1899, the plaintiff

made a formal transfer of each of these certificates of stock to "Denis A. Spellissy as attorney of Anne Callan ; " and he signed each one of the transfers as follows: " Denis A. Spellissy as attorney of Ellen Hayden." With these transfers indorsed upon the back of each certificate, he went to the office of the defendant, taking also a paper purporting to be executed by Michael Ellis as executor of the last will and testament of Ellen Hayden, deceased, and Anne Callan, daughter of said deceased, and authorizing and requesting him to transfer the stock to himself as attorney for Anne Callan. The certificates were described in that paper as the shares of stock in his name as attorney for Ellen Hayden. The defendant refused to make the transfer, and thereupon this action was brought to compel it to do so, and the complaint was dismissed.

We can see no error in the action of the learned justice below in dismissing the complaint. On the 25th of May, 1897, when these certificates of stock were issued, as Ellen Hayden was dead, it may well be that the words, " attorney of Ellen Hayden," were of no force, and that the effect of the issuing of the stock to the plaintiff was to vest in him the actual complete legal title to each certificate, but yet the fact that he was described in each certificate as the attorney for Ellen Hayden, while it may not have effect upon his actual title, would undoubtedly serve to give notice to any person examining the certificates that in taking them he bore some relation to the person whose attorney he describes himself to be. When after that he signed the transfer in his official capacity " as attorney of Ellen Hayden," and took the certificates thus transferred and thus signed, together with the request and consent of the executor of Ellen Hayden that the transfer should be made to him as attorney for Anne Callan, the effect must have been to give to the defendant's officers notice that the plaintiff individually was not the absolute owner of the stock. That appears by his own testimony to be the fact.

The necessary result of this transaction, therefore, was to charge the defendant with notice that the person in whose name these certificates of stock stood was not the beneficial owner of them, but that such ownership resided in whoever had succeeded to the rights of Ellen Hayden, and if the defendant, charged as it was with that notice, had undertaken to take up these certificates and issue new

ones which would have the effect to vest the title to the stock in Anne Callan it would do so subject to the rights of the executor of Ellen Hayden, or to whoever might be entitled to the stock through him. (*First Nat. Bank* v. *Nat. Broadway Bank,* 156 N. Y. 459; *Peck* v. *Bank of America,* 16 R. I. 710; *Loring* v. *Salisbury Mills,* 125 Mass. 138, 150.)

It is quite true that the plaintiff presented to the defendant what purported to be a consent of the executor of Ellen Hayden, but there was no proof that the person signing that consent was the executor of Ellen Hayden, and in the absence of that proof, the only effect of the presentation of that paper could be to charge the defendant with notice that the executor of Ellen Hayden, whoever he might be, had an interest in that property, and to establish a liability to that person in case the paper presented was not executed by the one who was the executor and entitled to represent the testator.

For these reasons the determination of the learned justice below was correct and the judgment must be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and HATCH, JJ., concurred.

Judgment affirmed, with costs.