Samuel Luitwieler, Plaintiff, *v.* Luitwieler Pumping Engine Company and Others, Defendants.

Supreme Court, Monroe Special Term, March, 1922.

Practice — examination of party and of witness before trial — action pending October 1, 1921 — examination may be had under both former Code and Civil Practice Act — pleading — action to compel transfer of stock certificate on corporation's books — notice to examine witness in support of immaterial defenses will be vacated.

While the Civil Practice Act does not apply to actions and special proceedings pending October 1, 1921, when said statute took effect, the court under section 1569 of said act and " in the interest of justice " may apply any " remedial provision " contained in the statute.

Except in special circumstances showing that the interests of justice so require, an examination before trial in an action pending when the Civil Practice Act took effect must be had pursuant to an order and not to a notice.

Such an examination of a party may be had, both under the Civil Practice Act and under the Code of Civil Procedure, where it is shown that the testimony sought to be taken is necessary and material, and of a witness, where in addition, other necessary facts are made to appear.

In an action to compel the transfer of a stock certificate genuine and regular on its face, the answer must be responsive to the issue tendered, and defenses may not be interposed which go to an independent cause of action not appearing on the face of the certificate or its transfer, and which was not raised when the certificate was offered for registration, and relating to the issue of the original certificate or to private disputes between contending owners in which the corporation defendant is not concerned.

A motion to vacate a notice given under section 290 of the Civil Practice Act to take the deposition of a witness, in support of such alleged defenses, will be granted, but without prejudice.

Motion to set aside notice to take testimony by deposition.

*J. M. E. O'Grady,* for plaintiff.

*Sutherland & Dwyer,* for defendants.

RODENBECK, J.    The defendant has given notice under section 290 of the Civil Practice Act to take testimony in California by deposition.    The right to do so is challenged on the ground that the provisions of the Practice Act do not apply to this action, having been pending at the time that the Practice Act took effect, and on the further ground that the testimony is not material.

The Civil Practice Act does not apply to the situation in this case.    The act was not intended to apply indiscriminately to all proceedings in all actions and special proceedings pending when it took effect.    It expressly provides that " This act shall apply to all actions and special proceedings hereafter commenced " (§ 1568), and then follow rules for determining when an action is deemed to have been commenced for the purpose of applying the provisions of the act.    Section 1569 provides that where an action or special proceeding is pending at the time the act takes effect " subsequent proceedings in such action or special proceeding must be conducted in accordance with the laws in force on the day before this act takes effect," and to make these statements more emphatic this section further provides that " The provisions of article nine of this act are expressly made applicable to pending actions and proceedings."

There is a safety valve, however, provided in section 1569 which permits the court or a judge to apply any " remedial provision," whatever that means, " in the interest of justice."    To make this language applicable it must appear that the proposed proceeding is in the nature of a " remedial provision " and that it is " in the interest of justice."    It could not have been the design of the legislature to provide that the act should not apply to pending actions and special proceedings but that the courts might in their discretion make it applicable without regard to special circumstances.    The proviso in section 1569 was intended to meet special instances where the " interest of justice " required the application of the provisions of the Civil Practice Act rather than those of the Code of Civil Procedure.    This is a simple matter of statutory construction which the learned profession can determine for itself.    The question is whether " in the interest of justice " means the same thing as " absolute discretion."    I assume that in the case of *McDonald* v. *Wills & Co., Ltd.,* 199 App. Div. 203, and *Buehler* v. *Bush,* 200 id. 206, there are circumstances which required the application " in the interest of justice " of the provisions of the

13

Civil Practice Act. The power of the courts in relation to the interpretation of statutes is not wholly arbitrary. It is limited by well-established rules designed to confine judicial power within its proper orbit. This power does not go to the extent of permitting the courts to nullify the plain language of statutes amounting in effect to judicial legislation. It must still be of importance for the courts not to override the fundamental theories of our government in the distribution of its powers to separate departments.

There is no emergency in this case requiring the application of the Civil Practice Act. So far as justice is concerned it is immaterial whether the depositions of the witnesses are taken pursuant to a notice or pursuant to an order obtained therefor. Under the new practice it is as broad as it is long whether the bar proceeds by notice or order. The notice is not a short cut unless your opponent is asleep. If there is no objection to the evidence it can be taken by stipulation and both a notice and an order avoided. If there is an objection the courts are likely to hear of any attempt to take the evidence whether it is made by notice or by order. Under proceedings by notice the burden is placed upon the opposing party of proving a negative, namely, that the testimony is not necessary or not material or that the witness is not about to depart from the state or is not without the state or does not reside at a greater distance from the place of trial than 100 miles or is not so sick or infirm as not to afford reasonable grounds for believing that he will not be able to attend the trial or that there are no special circumstances which render it proper that the deposition should be taken. Civil Practice Act, § 288. If the provisions of the new practice relating to taking depositions by notice are to be applied to this case it may as well be extended to all cases, thus avoiding any exertion of the judicial mind to determine when a case is within the expression " in the interest of justice " and substitute absolute discretion in its place.

But assuming that the Civil Practice Act applies to this case, the rule still obtains that the party desiring to take the deposition whether of an adverse party or of a witness must show if challenged that the testimony is necessary and material. Civil Practice Act, § 288. This was the rule under the Code of Civil Procedure (§ 872). Where the testimony is proposed to be taken pursuant to a notice rather than under an order of the court, a motion may be made to vacate or modify the notice and the adverse party may then raise the question of the necessity and materiality of the evidence. Civil Practice Act, § 291. Under this practice of the Code of Civil Procedure as to the necessity and materiality of the evidence reiterated in the Civil Practice Act, the court must be satisfied on

this motion that the testimony sought to be taken is necessary and material. The materiality of the evidence is challenged and the question seems to have been passed on by the Court of Appeals on the appeal from the judgment of nonsuit herein. *Luitwieler* v. *Luitwieler Pumping Engine Co.*, 231 N. Y. 494. In the opinion on that appeal that court said: " The various defenses pleaded are immaterial, the principal one being that the stock did not belong to Adelaide B. Luitwieler but to Henry L. Miller by assignment from her under a trust agreement dated November 2d, 1917."

The other defenses except the one specifically referred to in this quotation are clearly immaterial. With respect to this defense the trust agreement was not made pursuant to section 25 of the General Corporation Law, since there was no transfer of the stock certificate as therein contemplated. If the agreement is construed as a proxy it was revocable at the pleasure of the owner of the stock. Gen. Corp. Law, § 26. A corporation may refuse to register a transfer of stock when it has reasonable grounds for so doing (14 C. J. 759), such, for instance, as that the signature of the transferor is a forgery, or that the certificate shows a bad title on its face (*Spellissy* v. *Cook & Bernheimer Co.*, 58 App. Div. 283), but these grounds do not go to the extent of justifying a corporation in arbitrarily refusing to register a transfer of a certificate which is authentic and regular. A corporation may not go back of a genuine and regular certificate offered for transfer and raise questions, after the presentation of the certificate and refusal to register, relating to the issue of the original certificate or private disputes between the transferor and the transferee of the certificate. These are matters that should be tried in appropriate actions wherein the issues can be presented without involving the validity of stock transfers and interfering with the negotiable character of stock. It would raise havoc in stock transactions if corporations could refuse to register certificates and transfers authentic and regular and then question the validity of the original issue of the stock and compel parties to determine private disputes as a condition to the registration of the stock. It does not appear by the answer that any of the defenses urged were advanced as an objection at the time that the certificate was offered for transfer. The defenses are not responsive to the issue tendered by the plaintiff but are collateral thereto. It is claimed, however, that revenue stamps were not attached when the certificate was offered for transfer but this defense is not set up in the answer and the affixing and cancellation of the transfer tax stamps are not a condition precedent to the maintenance of an action to compel the transfer (*Bean* v. *Flint*, 204 N. Y. 153), and this defense is,

therefore, not available to the defendant. *Luitwieler* v. *Luitwieler Pumping Engine Co.*, 231 N. Y. 494. The materiality of the proposed evidence in this case depends upon the objections that were raised when the certificate was offered for registration and upon the issues then tendered by the defendant. The certificate itself is presumptive evidence of the ownership sufficient to protect the corporation and does not justify it in disregarding the evidence before it and raising questions properly litigable between other parties.

The motion to vacate the notice to take the deposition of the witnesses is granted, with ten dollars costs to abide the event, without prejudice to further proceedings.

Ordered accordingly.