Norman Schlossberg, Appellee, v. Lincoln Park West Corporation, Appellant.

Gen. No. 46,791.

First District, Third Division.
May 23, 1956.
Released for publication June 13, 1956.

Mayer Goldberg, and Leonard L. Levin, both of Chicago, for appellant; Burton Berger, of Chicago, of counsel.

Haft and Shapiro, and Rose, Burt & Pierce, all of Chicago, for appellee; Morris A. Haft, and Grover D. Rose, both of Chicago, of counsel.

JUDGE FEINBERG delivered the opinion of the court.

Defendant appeals from a judgment awarding a writ of mandamus against it, to compel the transfer to plaintiff of a certificate of stock, upon the books of the corporation.

It appears from the evidence that Joseph and Meyer Cohen were in the automobile finance business and had

many dealings with the Belmont National Bank through Henry Beutel, its president. They approached Beutel to help them finance the purchase of the Parkway Hotel. Negotiations with Beutel resulted in financial assistance to the two Cohens through the banks controlled by Beutel, and the consummation of the purchase.

The defendant corporation was formed with a total authorized issue of 100 shares, par value $10 each, and the title to the hotel property was conveyed to the corporation, which in turn executed a purchase money second mortgage to secure the purchase price. Sixty-six and two-thirds shares were issued and held by nominees of the Cohens. Certificate No. 8 for thirty-three and one-third shares was issued in the name of Amelita Griebel, nominee of and secretary to Beutel. Stock certificate No. 8 was thereafter cancelled, and in its stead certificate No. 9 for thirty-three and one-third shares (the subject of dispute in the instant action) was issued to Maurice J. Sherow. The cancelled certificate No. 8 bore the endorsement of Amelita Griebel. It is evident that Sherow, who had a number of financial transactions with Beutel, acquired certificate No. 8 from Beutel.

It is undisputed that the Cohens acquired the control and complete management of the defendant corporation and the hotel property. They knew of the cancellation of certificate No. 8 and the issuance of certificate No. 9, because certificate No. 9, dated December 2, 1952, issued to Sherow, is signed by Meyer Cohen, as president, and Beulah R. Lantz, as secretary. This certificate, on the reverse side, was assigned and transferred to plaintiff by Maurice J. Sherow, and tendered by plaintiff to defendant corporation for transfer. The corporation refused to transfer the certificate, which resulted in the bringing of the instant action.

The special defenses set up by the answer to the complaint are that the certificate was never delivered by Sherow to plaintiff; that the Cohens claimed to be the owners of said certificate; that there was no valuable consideration passed between plaintiff and Sherow for said certificate; and that Meyer and Joseph Cohen are the legal and equitable owners of said certificate, having paid all of the notes to the West Irving State Bank, of which Beutel was president, and which allegedly had held said certificate as collateral security for the indebtedness to it.

The issuance of certificate No. 9 to Sherow is hardly consistent with the claim made by the Cohens that they are the equitable owners of the certificate in question. If it be true, as they contend, that certificate No. 8 was held as collateral security for the indebtedness to the West Irving State Bank, then why would they consent to a transfer of that certificate and the issuance of certificate No. 9 to Sherow? It would seem logical that before they issued certificate No. 9, they would inquire of Sherow as to what interest he had in certificate No. 8, and would refuse to issue certificate No. 9 if Sherow laid claim to the certificate as owner. There is no evidence of any such inquiry made before issuing certificate No. 9.

██ ██ The Uniform Stock Transfer Act (Ill. Rev. Stat., Ch. 32, par. 416, § 1) provides that title to a certificate can be transferred by delivery of the certificate, endorsed either in blank or to a specified person by the person appearing by the certificate to be the owner thereof. Paragraph 421, § 6, provides that the endorsement of a certificate by the person appearing by the certificate to be the owner is effectual (except as provided in § 7 [Ill. Rev. Stats. 1955, ch. 32, § 422]), though the endorser or transferor (d) has received no consideration. Section 7 sets up the various instances in which the endorsement or delivery of a certificate

321

may be reclaimed by appropriate proceedings in court. None of the reasons set up in § 7 are either claimed by defendant or applicable in the instant action. The claim that no valuable consideration passed between plaintiff and Sherow is therefore without merit and furnishes no defense to the demand for a transfer under the statute. In any event the evidence sufficiently establishes a valuable consideration for the assignment of certificate No. 9 to plaintiff.

■ There is no merit in the contention that plaintiff failed to prove the genuineness of the signature to the assignment of the instant certificate. The Mandamus statute (Ill. Rev. Stat., Ch. 87, § 11) makes the Civil Practice Act applicable to proceedings thereunder. The Civil Practice Act (Ch. 110, § 35 (2) [Ill. Rev. Stats. 1955, ch. 110, § 35, subd. (2)]) provides:

"The allegation of the execution or assignment of any written instrument is admitted unless denied in a pleading verified by oath, . . . If the party making the denial is not the person alleged to have executed or assigned the instrument, the denial may be made on the information and belief of that party."

The answer of defendant does not deny the genuineness of the execution or the assignment of the certificate in question, as alleged in the complaint, therefore the genuineness stands admitted. Feltinton v. Rongetti, 337 Ill. App. 383.

■ The claim that the Cohens were necessary parties to the action is without merit. It clearly appears that they knew of the pendency of the action, employed counsel to defend it, and obviously furnished to counsel the information that they made claim to the certificate in question. On behalf of the defendant they filed an answer making such claim, and appeared as a witness upon the trial of the cause. They are hardly in a position to now say that they should have been made parties to the proceeding. They did not apply to the court

322

for leave to intervene, if they deemed it necessary, to set up their interests.

We think the record fully justifies the judgment, and it is affirmed.

Affirmed.

KILEY, J., concurs.

LEWE, P. J., took no part.