Gerald J. Anderson, Appellee, v. Industrial Molasses Corporation, Appellant.

Gen. No. 46,849.

First District, Third Division.

June 29, 1956.

Released for publication September 12, 1956.

Richard P. Lambert, Jr., of Chicago, for appellant.

Seyfarth, Shaw & Fairweather, of Chicago, for appellee; Thomas G. Vent, Jr., of Chicago, of counsel.

JUDGE FEINBERG delivered the opinion of the court.

Plaintiff brought this action to recover an unpaid balance allegedly due and owing to him from defendant. Defendant filed a demand for a jury of twelve. Several continuances had been granted, and when the cause was called for trial, defendant sought another continuance, which the trial court denied. A jury of six was immediately impaneled, and plaintiff proved up his case. Defendant's counsel, when the motion for a continuance was denied, did not participate in the hearing, although present in court during the impaneling of the jury and the taking of proof. No objection was made by defendant's counsel to impaneling a jury of six, nor does it appear that defendant's counsel called the court's attention to the written demand. There being no defense offered, the court directed a verdict for plaintiff.

Rule 59 (2) of the Municipal Court of Chicago makes provision for a trial of a cause with six jurors under conditions therein specified. The rule is authorized by the Municipal Court Act [Ill. Rev. Stats. 1955, ch. 37, §§ 356–426]. The contention here made by defendant for a reversal of the judgment is that having filed a written demand for twelve jurors, the court had no

right to impanel only six, and thereby deprive defendant of the constitutional jury trial.

Do the facts disclosed constitute a waiver by defendant of the right to a trial with twelve jurors? Defendant's counsel, as already shown, was present in court after the continuance was denied and remained silent during the impaneling of the jury. Upon oral argument defendant's counsel admitted that if no jury had been impaneled, and he stood by without objection to the cause being heard without a jury, he would be deemed to have waived the right to have a jury trial, but insists that a jury having been impaneled, consisting of six jurors instead of twelve, it was not a constitutional jury guaranteed to the defendant by the State Constitution.

■■ Defendant is in no position to discuss the constitutional question. First, because the constitutional objection was not properly preserved in the court below by raising a timely objection at the time the jury was being impaneled, while counsel for defendant was present in court, and secondly, by appealing to this court, he waives the right to raise the constitutional objection. People v. Cosper, 2 Ill.App.2d 168; People v. Rosenthal, 370 Ill. 244; People v. Terrill, 362 Ill. 61.

Similarly, in Tree v. DeMar, 2 Ill.2d 547, 557, it was held that an appeal to the Appellate Court in a cause where a freehold was claimed to be involved, and no motion was made to transfer the cause to the Supreme Court, constituted a waiver of the objection to the jurisdiction of the Appellate Court.

Povlich v. Glodich, 311 Ill. 149, relied upon by defendant, which holds that where a default had been entered for failure to file a plea, it was error to try the cause with a jury of eight instead of twelve, because it was contrary to the constitutional provision, Section 5, Article II of the Constitution of 1870, is not applicable to the instant case. Though a defendant is in default, he has a right to expect, if a jury is impaneled, that it be a constitutional jury and not one less in num-

ber, where he does not consent to a jury of less than twelve. It is far different, however, where defendant's counsel is present during the impaneling of the jury and does not bring to the court's attention the demand on file for a jury of twelve but remains silent throughout the proceedings. He should be deemed to have waived his right to complain that it was a jury of less than twelve, and his silence should constitute consent to a jury of six as authorized by the rule of the Municipal Court.

As early as Burgwin v. Babcock, 11 Ill. 28, the Supreme Court said:

"It is apparent from the record that the proofs were heard, and the judgment pronounced, immediately after the demurrer was sustained, and the application for a continuance overruled, and while all the parties were before the court. It is a fair inference that the cause was heard by the court by their consent. If the fact was otherwise, the defendants would have objected to the course pursued, and tendered a bill of exceptions. *If they were present and interposed no objections, they waived their right to have their cause submitted to a jury,* and acquiesced in the trial by the court." (Italics ours.)

As late as Parrino v. Landon, 8 Ill.2d 468, 472–473, it was said:

"Diligence has always been a requirement of the courts. The means of informing court and plaintiff that a defendant urges he has been improperly joined in an action or that no liability has been asserted against him is very simple. It is the duty of both party and counsel to inform the court of such a condition at the earliest possible moment."

While the factual situation is somewhat different in the last cited case, the reasoning is readily applicable to the instant situation. To the same effect is Schlossberg v. Lincoln Park West Corp., 10 Ill.App.2d 318,

213

filed May 23, 1956, where complaint was made that the party in interest should have been made a party to the proceeding. The party complaining had control of the litigation, and the defendant corporation, and appeared as a witness. We there held that where they stood by, and did not apply to the court for leave to intervene, if they deemed it necessary, to set up their interests, they could not be heard to complain they were not made parties to the action.

 We are impelled to hold that under the circumstances disclosed by the record, defendant, by its silence, consented to the cause being tried by a jury of six. The trial court did not abuse its discretion in denying the continuance. There was no showing under oath, by affidavit or otherwise, that would entitle defendant to a continuance.

The judgment is correct, and it is affirmed.

Affirmed.

LEWE, P. J. and KILEY, J., concur.