Joseph Cohen and Meyer Cohen, Appellants, v. Norman Schlossberg and Lincoln Park West Corporation, Henry J. Beutel and Maurice J. Sherow, Appellees.

Gen. No. 47,194.

First District, First Division.

April 28, 1958.

Rehearing denied May 28, 1958.

Released for publication May 28, 1958.

Rudnick & Wolfe, of Chicago (Jerome L. Fels and Theodore Saltz, of counsel) for appellants.

Haft, Shapiro & Davis and Rose, Burt & Pierce, of Chicago (Morris A. Haft, and Grover D. Rose, of counsel) for defendant-appellee.

PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order sustaining a motion to strike the complaint and dismissing the suit on the ground that it was barred by prior adjudication. The controversy is over the ownership of 33⅓ shares of stock in the Lincoln Park West Corporation (corporation), being one-third of the total stock issued. Defendant Norman Schlossberg (Schlossberg) holds a certificate for this one-third. The remaining two-thirds is owned by plaintiffs Joseph and Meyer Cohen (Cohens), who also claim to be the equitable owners of the one-third held by Schlossberg. In the instant suit the Cohens seek to establish their equitable title.

In the prior case (Schlossberg v. Lincoln Park West Corp., 10 Ill.App.2d 318, 134 N.E.2d 661), Schlossberg was successful in maintaining a suit for mandàmus to compel the Lincoln Park West Corporation to issue a certificate in his name for 33⅓ shares. His petition in that case simply alleged that he acquired the stock from one Sherow and that, the same having been properly assigned, he was entitled to have the stock issued in his name. The only defendant was the Lincoln Park West Corporation. The amended answer filed by the corporation denied the assignment by Sherow; alleged that the certificate was never delivered to Schlossberg; that there was no valuable consideration passing from Schlossberg to Sherow; that the Cohens were the legal and equitable owners of the stock; that the stock certificate in question had been issued originally to one Amelita Griebel and later to Sherow, as nominee for Henry Beutel, one of the defendants in the instant case; that it was so issued to secure loans made to the Cohens by Schlossberg, Beutel, and a bank with which Beutel was connected; that these loans had been paid and in accordance with an oral agreement between the Cohens and Beutel, the stock now belongs to the Cohens. The reply by Schlossberg was a denial of the substantial facts al-

leged and a reiteration of his legal position that these defenses could not be made in a suit for mandamus to compel the corporation to transfer the stock.

This presented to the court in the mandamus suit a legal issue and an issue of fact. The case was tried on these issues and at its conclusion the court made no specific findings but found the issues for Schlossberg and ordered a writ of mandamus to issue. That judgment was affirmed in Schlossberg v. Lincoln Park West Corp., 10 Ill.App.2d 318. We will later consider the scope and effect of those decisions.

Schlossberg's defense in the instant case is made by way of a motion supported by affidavit, in accordance with Section 48 of the Civil Practice Act. The motion states that "the cause of action is barred by a prior judgment . . ." That could be either res judicata or estoppel by verdict, sometimes characterized as "collateral estoppel by judgment." We will use the latter term, which appears to us to be more apt and has now been adopted by the Restatement of the Law, under the title, "Judgments," Sec. 68, Comment a (1942). See also Scott "Collateral Estoppel by Judgment," 56 Harv. L. Rev. 1 (1942); Cleary "Res Judicata Reexamined," 57 Yale L. J. 339 (1948); Polasky "Collateral Estoppel—Effects of Prior Litigation," 39 Iowa L. Rev. 217 (1954).

■ ■ The doctrine of res judicata rests on the principle that questions directly in issue or those which might have been submitted to a court of competent jurisdiction in a particular controversy ought not to be relitigated in a future controversy arising out of the same cause of action between the *same parties or their successors in interest,* either in the same court or any other court of concurrent jurisdiction. Gillies v. Little Vermilion Drain. Dist., 401 Ill. 344, 349 (1949); Leitch v. Hine, 393 Ill. 211, 220 (1946). This not only protects the parties but serves the public interest in

the termination of litigation. In res judicata, as distinguished from collateral estoppel, the cause of action must be the same in both suits. In such a case the judgment in the prior suit concludes not only those issues which were actually litigated, but all those which might have been presented to support or defeat the claim. But where the second action between the parties or their privies is based on a different claim or demand, the judgment in the prior action operates as a bar only to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. City of Elmhurst v. Kegerreis, 392 Ill. 195, 201, 202 (1946); Normal State Bank v. Killian, 386 Ill. 449, 456 (1944); Barry v. Commonwealth Edison Co., 374 Ill. 473, 478 (1940); Wright v. Griffey, 147 Ill. 496, 498 (1893).

Schlossberg in his brief contends that the doctrine of res judicata is applicable. We must therefore consider whether the cause of action and the parties are the same or are in privity. We will first consider whether the cause of action is the same. In the prior suit the remedy Schlossberg sought was to have the corporation honor the assignment of the certificate of stock he had acquired from Sherow and to issue a certificate in his name. This would have given him two things—additional proof of the ownership of the stock and the right to receive dividends declared thereon. The statute (Ch. 32, Sec. 416, et seq., Ill. Rev. Stat. 1955), known as the Uniform Stock Transfer Act, provides for the circumstances under which the assignee of a certificate of stock is regarded as the owner thereof for the purpose of having the certificate transferred to his name. It further provides the specific grounds upon which the certificate may be reclaimed if it has not been transferred to a purchaser for value in good faith without notice.

■ Mandamus is the proper remedy to compel a corporation to issue a new certificate, and the defenses to such an action would be those grounds enumerated in the statute as the basis for reclaiming the certificate. These are as follows: If the endorsement or delivery of a certificate (a) was procured by fraud or duress, or (b) was made under such mistake as to make the endorsement or delivery inequitable; or, if the delivery of a certificate was made, (c) without authority from the owner, or (d) after the owner's death or legal incapacity, the possession of the certificate may be reclaimed and the transfer thereof rescinded, unless (1) the certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful, or (2) the injured person has elected to waive the injury, or has been guilty of laches in endeavoring to enforce his rights. It will be noted that these defenses relate to matters affecting the transfer of the certificate. In such a suit title to the *stock,* as distinguished from title to the certificate, is not in issue. ("The Transfer of Stock," Christy & McLean, 2d Ed. p. 128, 1954 supplement.)

■ Courts have agreed that title is not involved in a mandamus suit, but there has been disagreement as to whether a corporation has the right to refuse to issue a new certificate on the ground that there was a controversy over ownership of the stock between the holder of the old certificate and a third person. In Leff v. N. Kaufman's, Inc., 342 Pa. 342, 20 A.2d 786, the right of the plaintiff Leff to a writ of mandamus was questioned by Ray and Kaufman, who claimed to be the owners of the stock represented by the certificate. The court said:

"The issue of title to the stock was not involved in this action. The only question involved was whether

plaintiff had a clear, legal right to the transfer of the certificate, and whether the corporate officers had breached a clear, legal duty. Sufficient evidence was presented to show that a substantial and material dispute existed as to the right of transfer, and, consequently, that the corporation could not be compelled, by a writ of mandamus, to close its eyes to this dispute and register the stock in plaintiff's name. The trial judge was therefore justified in directing a verdict in defendant's favor.

"As the court below pointed out, no judgment could have been entered in these proceedings which would have concluded the rights of Ray and the intervening defendant, Kaufman, individually, to the certificate or the shares represented."

In Luitwieler v. Luitwieler Pumping Engine Co., 192 N. Y. S. 891 (118 Misc. Rep. 192) a similar issue was involved. The plaintiff sought to obtain an order directing the corporation to transfer the shares pursuant to a certificate of stock which he held. The defendant sought to obtain evidence by deposition with respect to the real ownership of the stock although the certificate on its face appeared to have been proper. The court there said, p. 893:

"A corporation may refuse to register a transfer of stock when it has reasonable grounds for so doing (14 C. J. 759), such, for instance, as that the signature of the transferor is a forgery, or that the certificate shows a bad title on its face (Spellissy v. Cook & Bernheimer Co., 58 App. Div. 283, 68 N. Y. Supp. 995); but these grounds do not go to the extent of justifying a corporation in arbitrarily refusing to register a transfer of a certificate which is authentic and regular. A corporation may not go back of a genuine and regular certificate offered for transfer, and raise questions, after the presentation of the certificate and refusal to register, relating to the issue of the original

326

certificate, or private disputes between the transferor and the transferee of the certificate. These are matters that should be tried in appropriate actions, wherein the issues can be presented without involving the validity of stock transfers and interfering with the negotiable character of stock."

The two cases before quoted, both of which were cited and discussed by Schlossberg in his brief in the prior case, while reaching different conclusions, are reconcilable. Both stand for the proposition that a mandamus suit of the kind in question is not a forum in which to try a dispute over title to stock. One would limit the defense of the corporation to the genuineness of the certificate. The other would permit it to show that a substantial controversy over title to stock exists and would require the solution of that controversy in a proper forum before a new certificate is issued. In both cases a distinction is made between the right to require the issuance of a new certificate and actual ownership. It is our conclusion that the cause of action in the mandamus suit was not the same as that now before us.

■ As the causes of action are not the same, the only basis upon which a bar by prior adjudication could be sustained would be as collateral estoppel by judgment. In the application of collateral estoppel, even though the causes of action are not the same, a relevant issue, determined in a prior suit between the same parties or their privies, is a bar to relitigation of that issue. In the prior suit there were only two parties, Schlossberg and the corporation. Privity is defined in Sweeting v. Campbell, 2 Ill.2d 491, at pp. 496–7 (1954) as follows:

"Privity contemplates a mutual or successive relationship to the same property rights which were the subject matter of prior litigation . . . And a clear

327

distinction is drawn between a successor in interest and a predecessor in interest. While the former is bound, the latter is not. As stated in Orthwein v. Thomas, 127 Ill. 554, 571, '. . . a privy to a judgment or decree is one whose succession to the rights of property thereby affected occurred after the institution of the particular suit, and from a party thereto. Freeman on Judgments (3rd ed.) sec. 162.' "

There is no mutual or successive relationship here involved. The corporation had no interest in its own stock. It could only have had such an interest if the stock were treasury stock or stock which it had acquired. Schlossberg, however, relies on a broader definition of privity and states his position thus: "Where persons who are not nominal parties, advise, direct and control a suit they are bound by the judgment or decree entered therein." There are opinions to support this view, although we think it is stated too broadly. Easton v. Hall, 323 Ill. 397, 425 (1926); Anderson v. West Chicago St. R. Co., 200 Ill. 329 (1902); Cheney v. Patton, 144 Ill. 373 (1893); Bennitt v. Wilmington Star Mining Co., 119 Ill. 9 (1886); Cole v. Favorite, 69 Ill. 457 (1873); Pontiac Mutual County Fire Ins. Co. v. Sheibley, 279 Ill. 118 (1917); and Bechtel v. Marshall, 236 Ill. App. 549 (1925). In an examination of this question, we must beware of broad definitions and large generalizations. Thus, in Easton v. Hall, supra, the court, in a long opinion covering many interests, disposed of the interest of one Shelton F. McGrath, an attorney, by saying (p. 425): ". . . having advised, directed and prosecuted the suit, although he is not a party to the record, is bound by the decree." It appears, however, that from what the court said on page 423, McGrath was a grantee in a deed from Charles F. Easton of an interest in the estate, that is, in formal privity. In Bennitt v. Star Mining Co., supra, the court identified the rights of

the party estopped as being based upon and having their origin in a contract previously litigated. In Cole v. Favorite, 69 Ill. 457, Cole had stored goods in Favorite's warehouse. Favorite had agreed to insure them against loss by fire. They were later destroyed by fire. The insurance companies refused to pay, and Cole agreed with Favorite that Favorite should prosecute the suit and that the costs were to be paid or shared. Accordingly Favorite brought suit and lost. Cole then brought suit against Favorite. The court held that while Cole was not formally a party to the record, he was a party in interest and must be regarded a privy. He was held to be estopped by the adjudication of the issue in the suit of Favorite against the insurance companies. These are examples of the type of case in which the doctrine of privity has been enlarged.

Where, as in the instant case, a closely held corporation is a party to litigation, those stockholders who are in complete control of the corporation are, in effect, in complete control of the litigation, and where, as here, no one other than the parties to the suit have an interest in the subject matter, they are bound by the decision regardless of the technical distinctions involved in the use of the term "privity." We find adequate support for this view in Dishinger v. Bon Air Catering, Inc., 336 Ill. App. 557 (1949); Harding Co. v. Harding, 264 Ill. App. 121 (1931), aff'd 352 Ill. 417, and Hanna v. Read, 102 Ill. 596 (1882). See also 1 Freeman on Judgments, secs. 430–435, 5th ed., 1925, pp. 936–952.

■ As we have before stated, title to the stock is not necessarily an issue in a mandamus suit to compel a corporation to issue a new certificate. Yet, if such an issue were presented and decided, it would be a bar to its retrial in another proceeding between the same parties. United States v. Moser, 266 U. S. 236 (1924);

329

Restatement of the Law, Judgments, sec. 70, Comments a and b; Scott "Collateral Estoppel by Judgment," 56 Harv. L. Rev. 1, 7–10 (1942); Developments in the Law—Res Judicata, 65 Harv. L. Rev. 818, 843–4 (1952). See also Partmar Corp. v. Paramount Picture Theatres Corp., 347 U. S. 89 (1954).

We turn then to the one remaining question upon which the doctrine of collateral estoppel depends, that is, whether the issue of the Cohens' claim to ownership was adjudicated in the prior proceeding. On this point Cleary, in an article entitled "Res Judicata Reexamined," 57 Yale L. J. 339 (1948) has charted the course as follows (p. 342):

"Here we find the courts limiting the rule most scrupulously to what was in fact litigated and decided in the former proceeding, and for that purpose referring to pleadings, testimony, jury instructions, findings, verdicts and any other pertinent source of information sensibly helpful to the inquiry. Unless it does affirmatively appear that the matter was actually raised and passed upon, then it may be litigated in the case now on trial. The inquiry is factual and common-sense. The might-have-beens are left strictly out of the picture."

As we have before stated, the trial court in the mandamus suit while hearing evidence on the issue of the equitable ownership made no specific findings of fact. The court merely stated that it found the issues for Schlossberg, which would include both factual and legal issues. The principal legal issue centered on Schlossberg's contention that title to the shares of stock was not relevant in the mandamus proceeding. Whether the final ruling of the trial court was based on the legal issue or the issue of fact or based on both alternatively is uncertain.

In the Appellate Court Schlossberg again made the point that the special defense made by the corporation with respect to ownership of the stock by the Cohens was not available to it under the law. The Appellate Court in its opinion (Schlossberg v. Lincoln Park West Corp., 10 Ill.App.2d 318) referred to this special defense, made unfavorable comment on its verity, and then proceeded to discuss the Uniform Stock Transfer Act. It referred to Section 7 of the Act (supra), which lists the instances in which a certificate which has been endorsed or delivered may be reclaimed by appropriate proceedings, and then said, at page 322, "None of the reasons set up in Section 7 are either claimed by defendant or *applicable* in the instant action." (Emphasis ours.) It is true that the court in passing upon the point that the Cohens should have been made parties defendant to the proceeding said they were not in position to raise this point because they had not applied for leave to intervene. We do not consider this statement as meaning that the court approved such procedure as a method of making an issue on the ownership of the stock in a mandamus case. It is our conclusion that the Appellate Court based its decision on Schlossberg's point that the equitable ownership of the stock was not a proper issue in the mandamus suit. It is not, therefore, a bar to the instant proceeding. (Scott's "Collateral Estoppel by Judgment," 56 Harv. L. Rev. 1 (1942).)

The order is reversed and the cause is remanded with directions to overrule the motion to strike and to require the defendants to answer the complaint, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

McCORMICK and ROBSON, JJ., concur.