ALICE MEZO *et al.*, Plaintiffs-Appellees, *v.* OWEN L. SMITH *et al.*, Defendants-Appellants.

(No. 72-306; ▮▮▮▮▮▮▮)

Fifth District—July 20, 1973.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Feirich & Lockwood, Chartered, of Carbondale, for appellants.

Leonard J. Dunn and Sam C. Mitchell, both of West Frankfort, for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the Circuit Court, First Judicial Circuit, Williamson County, Illinois. It appears from the record that the plaintiff, Darlene Barnes Robinson, was driving an automobile in which the plaintiff, Alice Mezo, was riding in the right front seat, holding the plaintiff, Eunice Lorraine Barnes, then an infant of fourteen months. The Robinson automobile struck the truck driven by the defendant, Owen L. Smith, and owned by the corporate defendant, Standard Oil Company. The truck was turning into a private drive at the time of the collision. The issue of liability was decided by the jury against the defendants, and verdicts were returned in favor of the plaintiffs and against the defendants in the total amount of $130,000.

The defendants have brought this appeal presenting two issues for review. First, did the trial court abuse its discretion in ordering over objection of both the plaintiffs and the defendants that the cause be tried by a jury of six, and refusing to grant the parties' request for a jury of twelve? Second, were the damages awarded by the jury excessive?

This action was commenced by the plaintiff, Mezo, filing her complaint against the defendant, Smith, claiming damages in the amount of $50,000. The plaintiff demanded trial by jury. A subsequent amended complaint added Standard Oil Company as a party defendant and likewise demanded a trial by jury. A second case by the plaintiffs, Robinson and Barnes, a minor by next friend, against the defendants, Smith and Standard Oil Company, which involved the same transaction was filed some nineteen months later. This complaint was in six counts, each count claiming damages exceeding $10,000, and contained a demand for jury. The defendants filed their answer to the complaint and counterclaimed against the plaintiff, Robinson. The counterclaim was in two counts, the first count seeking damages in the amount of $500, the second count seeking indemnity for any judgment entered against the defendants in favor of the plaintiffs, Mezo and Barnes. The defendants demanded trial by jury on the counterclaims.

The two cases were consolidated by order of the court.

The issues were tried to a jury of twelve on April 1, 1971, and resulted in a mistrial.

The case was again called for a trial on April 17, 1972, at which time the court informed the parties that it would be a trial to a jury of six and not twelve. Both parties objected and filed the following:

"Defendants:

## JURY DEMAND

The Defendants do hereby (during the trial of this cause) repeat, renew and restate in writing their prior oral demand for trial by a jury of twelve (12) persons in this cause which prior oral demand was made immediately upon being advised by the Court of a possible requirement of submission to trial by a jury of six (6) persons.

The Defendants do hereby also repeat and renew their rejection of the proposed stipulation for a trial with a jury of less than twelve (12) persons."

Dated: April 18, 1972.

Plaintiffs:

## OBJECTION AND DEMAND

"Now come the plaintiffs herein, by Leonard J. Dunn and Sam C. Mitchell, their attorneys, and repeat, renew and restate in writing their prior stated objection, made prior to commencement of trial of this cause, to the requirement by the court of submission to trial by a jury of six persons. In support of said objection and demand for trial by a jury of twelve, plaintiffs state the following:

1. That, upon request by the court, the plaintiffs by their attorney, stated their willingness to stipulate to a trial by a jury of six persons.

2. That, upon refusal by the defense attorney to so stipulate, the plaintiffs, by their attorney, informed the court that in light of the said refusal to stipulate by the defense herein, plaintiffs herein must therefore join in the objection to the said requirement by the court of trial by a jury of six persons.

3. That, should the defense herein indicate willingness to so stipulate at this time, prior to the submission of this case to the said jury, plaintiffs hereby give notice that they at this time still stand ready to agree to submit said case to the said jury of six persons."

The Court subsequently on May 11, 1972, entered its memorandum on its ruling which stated:

"Plaintiff, Counter-Defendant, made a demand for Jury Trial.

Defendant, Counter-Plaintiff, made a demand for Jury Trial.

The Court announced on trial date that a Jury of 6 would be selected and used. Defendant, Counter-Plaintiff, objected and leave was granted to file a written objection and brief. Plaintiff, Counter-Defendant, Robinson, Barnes and Mezo, was willing to

accept Jury of 6, but since Defendant, Counter-Plaintiff, Smith and Standard Oil, would not, then objection was also made on behalf of Plaintiff, Counter-Defendant.

It is the ruling of this Court that a demand for a Jury Trial leaves the option to the Court on the use of a six or 12 man jury, and that a jury demand once made is not subject to amendment, even though it may be withdrawn by the party demanding."

The defendants did not waive a jury of twelve and were specifically allowed by the trial court to file written objection and brief.

The parties may be required to submit the issues to a jury of six if the claim is for less than $10,000, and neither has demanded a jury of twelve (Ill. Rev. Stat., chap. 110, sec. 64(2)), but that is not the issue before this court. The plaintiffs contend that the defendants' jury demand in the counterclaim was for a jury of six because the amount in that controversy did not exceed $10,000 and the defendants did not demand a jury of twelve.

Ill. Rev. Stat., chap. 110, sec. 64(1) provides in part, "A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand thereof not later than the filing of his answer. Otherwise, the party waives a jury * * *. If the plaintiff files a jury demand and thereafter waives a jury, any defendant * * * shall be granted a jury trial upon demand thereof—made promptly after being advised of the waiver * * *."

Implicitly, the defendants were entitled to expect a jury of twelve until sometime shortly before trial. Once discovering that they were to be forced to try their cause to a jury of less than twelve, they reacted in a manner consistent with a bona fide attempt to protect their statutory right to a twelve-person jury. They made oral demand and objection, which was followed without delay with written demand, after first obtaining leave of court to file the demand and brief. The plaintiffs were also aware of the possible ramifications, and while tacitly agreeing to a jury of less than twelve, they nevertheless felt compelled to make objection and demand, agreeing only to a waiver of the full twelve if agreement was obtained from the defendants. As plaintiffs' counsel states in his brief, "they would object for the record."

Thus, whether we assume that the plaintiffs waived their right to a jury which would then give the defendants an opportunity to make demand as provided in Ill. Rev. Stat., chap. 110, sec. 64(1), or we assume that the plaintiffs were only agreeing to a jury of less than twelve if the defendants also agreed, the defendants still have a right to insist upon a full jury of twelve in the defense of the plaintiffs' complaint which

sought damage exceeding $10,000. See, *Anderson v. Industrial Molasses Corp.,* 11 Ill.App.2d 210, 136 N.E.2d 536.

This is a case of first impression in this jurisdiction, and we hold that the trial court abused its discretion in requiring the parties to submit their causes to a jury of less than twelve without their consent or waiver. Unless the cause of action falls within those cases which are not appropriate for jury, then until determined otherwise by the legislature the parties upon proper demand shall be entitled to a jury consisting of twelve persons, where the claim for damages exceeds $10,000.

Because of these holdings, the second point raised by the defendant will not be considered.

The judgment of the trial court is reversed and this cause remanded for a new trial.

JONES and CREBS, JJ., concur.