CASTOLITE COMPANY, Plaintiff,

v.

MICHIGAN NORTHERN RAILWAY CO., Defendant.

No. 80 C 3435.

United States District Court, N. D. Illinois, E. D.

Sept. 26, 1980.

Robert C. Hultquist, Michael J. Howlett, Jr. and Richard F. Hudzik, Moriarty, Hultquist, McDevitt & Howlett, Ltd., Chicago, Ill., for plaintiff.

Abramson & Fox, Thomas M. Knepper, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This cause comes before the court on the motion of defendant Michigan Northern Railway Company [Michigan Northern] to dismiss the complaint at bar for lack of personal jurisdiction. Rule 12(b)(2), Fed.R. Civ.P. As there is complete diversity of citizenship between all of the adverse parties, and the amount in controversy exceeds $10,000 exclusive of interest and costs, subject matter jurisdiction over the cause properly lies pursuant to 28 U.S.C. § 1332(a)(1). For the reasons stated below, the defendant's motion to dismiss will be granted.

On February 21, 1980 the plaintiff herein, the Castolite Company [Castolite], filed a civil action in the Law Division of the Circuit Court of McHenry County, Illinois, naming Michigan Northern as one of two defendants. With respect to Michigan Northern, the claims presented in that action were virtually identical to those now pending before this court.

The McHenry County civil action was dismissed when the defendants, both non–residents, after appearing specially prevailed on their individual motions to quash summons. Said motions were based upon the defendants' contentions that the existence of personal jurisdiction over them had not been adequately established. The court's ruling on these motions, which was made only after the complaint at issue had been reviewed thoroughly by the trial judge and a hearing was held wherein the respective arguments of counsel were entertained, was specifically founded upon the fact that "the [plaintiff's] complaint insufficiently plead[ed] or alleg[ed] jurisdictional facts." No appeal was taken by Castolite from this decision of the trial court.

On July 3, 1980, the present matter was filed in this court. As was noted above, as it applies to defendant Michigan Northern, the parties and issues in this cause are the same as those in the McHenry County action. Because that is so, Michigan Northern has moved to have the present matter dismissed for lack of personal jurisdiction, taking the position that, since this jurisdictional issue was resolved with finality in the earlier action, *see Johnson v. Northwestern Memorial Hospital*, 74 Ill.App.3d 695, 697, 30 Ill.Dec. 676, 393 N.E.2d 712 (1979), Castolite is precluded from rearguing the question in this court by the doctrine of res judicata.

The defendant's contention in this respect, the court believes, is essentially correct. The operation of res judicata in Illinois was discussed in *Cohen v. Schlossberg*, 17 Ill.App.2d 320, 150 N.E.2d 218 (1958), where the court noted:

> The doctrine of res judicata rests on the principle that questions directly in issue or those which might have been submitted to a court of competent jurisdiction in a particular controversy ought not to be relitigated in a future controversy arising out of the same cause of action between the same parties . . . either in the same court or any other court of concurrent jurisdiction.

*Id.* at 323, 150 N.E.2d at 220. In *Rolando v. Farmers & Miners Bank*, 60 Ill.App.3d 158, 17 Ill.Dec. 614, 376 N.E.2d 760 (1978), the court held that, if res judicata is applicable:

> . . . the prior judgment is conclusive not only as to what was actually determined in the first case but is conclusive also as to any question which could have been raised. Thus if the party against whom the doctrine is raised had an opportunity to litigate the same matter in a former action, the former determination is conclusive.

*Id.* at 161, 17 Ill.Dec. at 617, 376 N.E.2d at 763 (citations omitted).

In the present matter, any personal jurisdiction arguments Castolite could make, even if they were not specifically raised by the plaintiff in the earlier action, would be ones that could have been made either in response to Michigan Northern's state court motion or in an appeal from the McHenry County court's ruling. The doctrine of res judicata, therefore, if construed as it was in the above–cited Illinois decisions, clearly is applicable in this instance. As that is so, pursuant to the operation of said doctrine, Castolite must now be barred from reasserting in this court the existence of personal jurisdiction over Michigan Northern. *Eaton v. Weaver Manufacturing Co.*, 582 F.2d 1250, 1255–57 (10th Cir. 1978); *see Cohen v. Schlossberg, supra* at 323, 150 N.E.2d at 220.

### CONCLUSION

If the plaintiff is barred from further arguing the existence of same, there is no way that, from the facts presented, personal jurisdiction over Michigan Northern can reasonably be found to lie in this court. That being so, the motion of defendant Michigan Northern to dismiss the present cause for lack of personal jurisdiction, Rule 12(b)(2), Fed.R.Civ.P., is granted.

IT IS SO ORDERED.